# DECISIONS

## OF THE

# Court of Appeals of Kentucky

## SPRING TERM, 1915.

### Johnson's Administrator v. Hogg.

(Decided May 25, 1915.)

## Appeal from Perry Circuit Court.

1. Limitation of Actions—Suit on Note Against Administrator of Debtor—When Barred.—The last payment on a note sued on was made on June 24, 1893. The debtor died in May, 1907, and in June, 1907, an administrator was appointed. Suit was brought on the note against the administrator in July, 1908, more than fifteen years after the date of the payment, when the statute commenced to run. Held, that the action was barred by the fifteen year statute of limitation.

2. Limitation of Actions—When Suit on Note Barred Against Administrator of Debtor—Construction of Sections 2515 and 3847 of the Kentucky Statutes.—Where the debtor dies more than one year before the time limited for the commencement of the action, and the administrator is appointed more than one year before the time limited for the commencement of the action, the time in which the action may be brought is limited to the time prescribed in Section 2514, and the six months' impediment to the bringing of the suit provided in section 3847 does not prevent the statute from running.

3. Limitation of Actions—Section 2528 of the Kentucky Statutes— When Applicable.—Where a cause of action arising under section 2514 accrues during the life of the debtor and the debtor dies and an administrator is appointed for his estate more than one year before the expiration of the time limit within which an action may be brought, section 2528 has no application and does not stop the running of the statute during the first six months after the administrator is appointed.

BAILEY P. WOOTTON and JESSE MORGAN for appellant.

HOGG & JOHNSON for appellee.

vol 165—1

Opinion of the Court by Judge Carroll—Reversing.

The appellee, Hogg, brought suit on a promissory note, executed by Henry Johnson, against the appellant, his administrator. The defense was that the action on the note was barred by the 15-year statute of limitation. Judgment went in favor of Hogg, and the administrator appeals.

The note was executed on June 20, 1885. The last credit on the note was June 24, 1893. Henry Johnson died in May, 1907, and in June, 1907, the appellant was granted letters of administration and qualified as his administrator. This suit upon the note was brought on July 21, 1908.

It will be observed that more than fifteen years had elapsed between the time of the payment on the note of June 24, 1893, and the institution of the suit in July, 1908. It will further be noticed that the administrator was appointed and qualified more than one year before the institution of the suit and more than one year before the fifteen-year statute of limitation had run.

Counsel for Hogg argues that as under Section 3847 of the Kentucky Statutes, ''Six months must run, after the date of the qualification of the first personal representative of a decedent's estate by a court of the Commonwealth, before an action shall be commenced against any executor or administrator thereof,'' this six months should be deducted from the time that elapsed between the accrual of the cause of action; that is, when the last payment was made, and the institution of the suit. If this six months should be deducted, of course, the suit on the note was not barred, as only about fourteen years and seven months had elapsed.

We had before us, in Johnson v. Equitable Life Assurance Society, 137 Ky., 437, a question precisely like the one here involved except that in that case the limitation of five years provided in Section 2515 of the Kentucky Statutes was relied on, while here the limitation of fifteen years provided in Section 2514 is relied on. This difference, however, is entirely immaterial, as the principle announced in the Johnson case is equally as applicable to Section 2514 as to Section 2515. In that case it was distinctly held that where the debtor dies more than one year before the time limited for the commencement of the action and an administrator is ap-

pointed more than one year before the time limited for the commencement of the action, the time in which the action may be brought is limited to the time prescribed in Section 2515 or 2514, whichever may be applicable, and that the six months' impediment to the bringing of a suit, provided in Section 3847, did not prevent the statute from running during that six months.

In the course of the opinion the court further said that Section 2528, reading in part, "If a person against whom any action mentioned in the third article of this chapter may be brought, dies before the expiration of the time limited for the commencement thereof, and the cause of action survives, an action may be commenced against his personal representative, devisee, or heirs, or all, after the expiration of that time, and within one year after the qualification of his personal representative," applied only "to that class of cases where the debtor died and the administrator was appointed one year or less before the expiration of the time limit within which suit might be brought."

The court further said: "Considering Sections 2515, 2528, and 3847 together, we conclude that in all causes of action falling under Section 2515, where the right of action accrues during the life of the debtor, and the debtor dies and an administrator is appointed for his estate more than one year before the expiration of the time limit within which an action might be brought, Section 2528 has no application and does not stop the running of the statute during the first six months after the administrator is appointed, for the evident reason that, as the creditor still has at least six months in which to sue before the expiration of the time limit, the necessity for the passage of any remedial statute or enabling act was wanting. On the other hand, if the debtor dies, and administration is granted on his estate less than one year before the expiration of the time limit within which the suit must be brought, Section 2528 applies, provided the suit is commenced within one year after administration is granted."

It is further urged that the statute of limitation was not set up in the answer in proper form, and, therefore, the plea of limitation should be disregarded. It must be admitted that the plea is not in the usual form or aptly expressed; but we think it was sufficiently averred to

present the defense, and so on the record before us the suit was barred by the statute.

For the reasons stated, the judgment is reversed, with directions to proceed in conformity with this opinion.