## Brock v. Saylor.

Sept. 28, 1945

Logan E. Patterson for appellant.

C. K. Calvert and W. L. Hammond for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—
Affirming.

The original count of ballots cast for candidates for the Republican nomination for magistrate in the Second District of Bell County, in the primary election held August 4, 1945, showed that Charles C. Saylor received 256 votes and Dewey M. Brock received 261 votes. A recount by the court upon Saylor's petition showed Saylor received 270 and Brock 261 votes. Saylor was thereupon adjudged entitled to the nomination by a majority of 9 votes. Brock appeals.

The appellant's grounds for reversal of the judgment and his claim to the nomination are (1) the procedure was not in accordance with the provisions of the statute; hence that the trial court was without jurisdiction; and (2) the integrity of the ballots was not established; hence the court should not have counted them.

The appellant's postulate is sound, that an election contest is a special statutory proceeding and so far as regards the steps necessary to give jurisdiction there must be a strict observance. Pflanz v. Foster, 155 Ky. 15, 159 S. W. 641; Edge v. Allen, 166 Ky. 291, 179 S. W. 212; Craft v. Davidson, 189 Ky. 378, 224 S. W. 1082. Ky. Rev. Stats. 122.060 requires that the party requesting the recount of ballots in a primary election shall execute bond with surety for the costs. It then provides: "Upon the bond being filed, the clerk shall immediately notify the circuit judge of the request and the filing of the bond, and the judge shall at once enter an order directing the ballots, boxes and all papers pertaining to the election to be transferred to the circuit court, and fix a day for the recount proceedings to begin. A copy of the order shall be served upon the parties or their counsel in the same manner as notices are required to be served, which shall be deemed sufficient notice of the proceeding."

It is insisted by the appellant that none of these provisions was observed. The petition, filed August 13th, bears the certificate of the circuit clerk that the bond was executed "as required by law." A summons, issued for

the contestee, Brock, and the county election commission-ers, was served on all of them on the same day. The con-testee filed an answer on August 16th. The circuit clerk notified the judge orally in person and he verbally desig-nated the day for the recount. The contestee, Brock, was then and there present and the day was agreed upon, his counsel being advised. The preamble of the transcript of evidence, signed by the judge, recites that the parties and counsel were present and that the day had been "set by the court to conduct the recount." The judgment re-cites that the count was had "according to the previous arrangement" and that all parties were present and had announced ready.

It is to be observed that the statutory proceeding for a recount of the ballots in a primary election does not require that the opposing party shall be summoned, as does the statute relating to the contest. KRS 122.020 and 122.070. In a recount proceeding the opposing party or his counsel shall be served with a copy of the order directing a transfer to the circuit court of the election paraphernalia and fixing a day for the recount. Service of the notice shall be "in the same manner as notices are required to be served." The use of a notice instead of a summons affords a broader and more liberal method. Thus, a summons is required to be delivered or offered to be delivered by certain officers to the person summon-ed, Civil Code of Practice, Sec. 48, but a notice may be served by a private citizen by delivering a copy to the person to whom it is directed or offering to do so, or un-der certain conditions by leaving it with another person for him, or by affixing a copy to the door of his residence. Civil Code of Practice, secs. 624, 625. See Jones v. Cooper, 230 Ky. 566, 20 S. W. 2d 458. The purpose of this notice is apparently the same as the summons al-though the recount of ballots would appear to be more of an ex parte or summary proceeding than is a contest of an election, and expedition is of the essence. It is not necessary under the terms of the statute that an answer be filed, but the defendant or respondent in this case not only filed an answer but failed to object to the omission of the entry of the stipulated order and actually agreed upon the day and participated in the recount.

It is elementary law that a party who enters his ap-pearance to any suit by filing an answer or otherwise re-sponding waives the service of a summons. We have

held that a failure to issue a proper summons in an election contest is not fatal. Middleton v. Lewis, 248 Ky. 86, 58 S. W. 2d 251. And in Huff v. Black, 259 Ky. 550, 82 S. W. 2d 473, notice of codefendants in a cross-contest was held to have been waived by their participation in the case. It is true that Brock testified that neither he nor his attorney had made any agreement whereby he "waived any of the rights which the law gives" him. This, of course, is a matter of law, to be determined by the court on the facts—by what the contestee did and not by what he intended to do.

We are of opinion that the court acquired jurisdiction of the person of the contestee as effectually as if the letter of the statute had been complied with.

The question then becomes whether the entry of the order by the judge, as described by the statute, is of a class of jurisdictional procedure that could not be waived, that is whether or not the court had jurisdiction of the subject matter. We have often held the execution of the bond is a jurisdictional requirement in an election contest. Stafford v. Bailey, 282 Ky. 525, 138 S. W. 2d 998. That is a preliminary condition—something to be done before the court may act. What is to be done afterward is in a different category. Such is the entry of the order as to custody of the paraphernalia and setting the day for counting the ballots.

The statute, KRS 122.060, does not require that the boxes shall be delivered or ordered delivered to the circuit clerk in person. Its object is to bring them into constructive possession of the court. It is not an unusual practice for the court to direct that ballot boxes be placed in a bank's vault for safe-keeping. They are thereby effectually "transferred to the circuit court." We see no reason why the same constructive possession is not acquired if they are left in the custody of the county clerk after the circuit court takes hold of the proceedings. The judge took notice of the case and, as manifested by his action, was satisfied to leave the boxes in the actual custody of the county clerk until judgment.

All these things about which complaint is made are directory. The ends to be accomplished are that the defendants be given notice, or shall waive notice, and that the court take the election paraphernalia into custody, constructively or actually, through the clerk of that court

or another special agent, for its preservation and consideration at the proper time. No objection was made by the petitioner to anything. We conclude the failure to comply with the statute strictly may be and in this case was waived.

Did the contestant meet the burden of establishing integrity of the ballots? When we speak of the integrity of ballots, we mean that they have been preserved inviolate and afford examination by the court as of the time they were counted by the election commissioners whose acts are under judicial review. The main question is, Have they been protected or safe-guarded? It is not required that they shall be placed where it was impossible for any person to break in and get to them. The contestant is required to prove a reasonable protective custody, or "prove circumstances from which a logical inference can be deduced that the ballot boxes and their contents have not been disturbed." Combs v. McKenzie, 289 Ky. 360, 158 S. W. 2d 938, 940. Here the 13 boxes of this district were piled indiscriminately among all of the county in one of the record rooms of the county clerk's office, with the only door opening into the main office where he and his deputies worked. This was in a public place, practically under the eyes of the clerk and his deputies during the day. They may have been safer there during the day than if locked up separately in an isolated or unfrequented place. The room was locked during the night. There was no proof of any circumstance that might raise a suspicion of their violation. Where the boxes themselves have been reasonably secured from interference, the court may look at each and into its contents and permit each box to speak for itself.

The official ballot boxes of the State are made of strong metal. The lids are securely locked with three padlocks, and the apertures through which ballots are dropped are covered and locked. The several keys are held by the Sheriff and two election commissioners. KRS 118.230. No one of them can open the boxes without obtaining the keys held by the others. There is no evidence about the keys to these boxes, but the court is warranted in presuming the officers performed their official duties. The external condition of the boxes is always an important fact. None of these gave indication of having been tampered with. The internal evidence—the condition of the ballots, uniformity in folding and marking, orderly

arrangement, and other details—will often prove or disprove the virtue of the ballots. See Land v. Land, 244 Ky. 126, 50 S. W. 2d 518. In this case the contents appeared to be regular and without any evidence of having been disturbed.

We are of opinion the appellant's contentions for a reversal of the judgment should not be sustained.

The judgment is affirmed.