## Hawkins v. Auxier.

October 14, 1949.

G. Tom Hawkins for appellant.

Baird & Hays for appellee.

STANLEY, COMMISSIONER—Affirming.

The appeal is from a judgment dismissing a contest petition of the appellant, G. Tom Hawkins, and adjudging the contestee, Jean L. Auxier, to be the Republican nominee for judge of the Thirty-fifth Judicial District. In the recent primary election Hawkins received 2,481 and Auxier 4,407 votes. The appellant's brief is quite unintelligible.

The order striking the greater part of the petition is attacked but without grounds being stated. We think the ruling was proper. The petition charges that when the contestee "committed the overt act of filing as a Candidate under the Democratic Rooster in a Democratic Primary that he forfeited all rights, titles, and interests whatsoever, that he had or may have had as a Candidate for Circuit Judge in the Republican Primary for the reason that the Non-Partisan Judicial Act (KRS 119.070) under which he ran as a candidate on the Demo-

cratic ticket and Republican ticket is Unconstitutional, Null and void and without effect governing any of it and violates Section 6 of the Kentucky Constitution which says in effect that all elections shall be free and equal.'' The argument of unconstitutionality in the appellant's brief is in part as follows: ''The Non-Partisan Judicial Act is void because it violates both State and Federal Constitutions in that it (The Act) does not help to either form or maintain a more secure Union. It endangers a Common defense. It does not promote the General Welfare; it retards Domestic Tranquility; It does not secure or make more secure the blessings of Liberty either to ourselves or our posterity. Neither does it make more enjoyable the civil or political liberties of the people of Kentucky. But God's ordained Governments among men suffers greatly from the diseased malice, treachery and disunion, secession of Civil and Political slavery, of crooked, rotten elections and campaigns. It gives public officials a chance at graft, crookedness; it makes them impotent, dilitary, unthankful, and ungrateful. Its results is rotten Governments; Bad county Government in Kentucky is traceable to the Non-Partisan Judicial Act which is unconstitutional. It makes political slaves and not Free Citizens. It does not make equality, but unequality; it slaughters or kills the Australian or secret ballot. It is Class legislation and gives to Judges a vested right not given to Constables and all other officials. If Judges can run under Cabins and Roosters all other officers might acquire that right by future legislation. If the law is good for Judges why not give the same right to the Justices and Constables? It's Bunk, it's rot; it's a farce; It's treasonable.''

The law KRS 119.070 was held constitutional in Prewitt v. Caudill, 250 Ky. 698, 63 S. W. 2d 954. It is readily apparent that this part of the pleading was properly stricken.

Other provisions stricken were rough conclusions and broad generalities. The following is typical: ''Contestant states that the August 6 Primary election, 1949, is a shame to the County, rotten dirty politics, candidate swaying, cross slating, doubling up, double crossing, spending unknown thousands of dollars, to win nominations, probably to be defeated in November. Repeaters were driven from precinct to precinct in various convey-

ances, voted openly on the table, without being sworn as to their physical ability, had open boothes before the public without any ropes fifty feet away from the voting boothes as the law provides, that non-residents were permitted to vote in said Primary, that itenerent persons were permitted to vote, the lame, the blind were permitted to vote without being questioned just so that they voted for the proper slate which makes the Pike County Primary rotten and disgusting and destructive to both great political parties.''

There were left in the petition general and curious allegations that the contestee had violated the Corrupt Practices Act, KRS 123.010 et seq.; also that the contestant is 69 years old, a citizen of the district and had been a practicing attorney 45 years. A demurrer to these parts of the petition was overruled.

Perhaps by stretching the construction of it there could be spelled out of this odd document a request for the recount of the ballots. That part was also stricken. No bond for costs was executed as required by the Statutes. Until such bond shall have been executed, the court may not proceed with a recount. KRS 122.060. The provision is mandatory and compliance is jurisdictional. Brock v. Saylor, 300 Ky. 471, 189 S. W. 2d 688. There is an order of date September 2 showing the tender by the contestant of currency sufficient in amount to defray the expense of a recount. This was on the fifth day after the order striking the pleading had been entered, the sixteenth day after the filing of the petition and the twenty-seventh day after the primary election. A request for a recount accompanied by a bond must be made within fifteen days after an election, so if the contestant's apparent contention be sustained, that his pleading was sufficient to obtain a recount and that tender of cash to cover the cost is a sufficient compliance of the statute with respect to the bond, his request was not completed within the statutory period of limitations.

All of the petition should have been stricken or the demurrer sustained to it since what may be regarded as material does not constitute a cause of action. In any event, we find no evidence to sustain the charges.

The judgment is affirmed.