### ADAMS v. COLLINS et al.

### BROWN v. DAY et al.

Court of Appeals of Kentucky.

Feb. 20, 1953.

Harry M. Caudill, Whitesburg, J. Ervin Sanders, Pikeville, for appellants.

Stephen Combs, Jr., Whitesburg, Joe Hobson, Prestonsburg, for appellees.

CLAY, Commissioner.

These consolidated cases involve requests for a recount of ballots in the last election for membership in the Letcher County Board of Education. The petitions in both actions were dismissed on the jurisdictional ground that the bond for costs was not executed within 10 days after the election, and the propriety of this ruling is the question presented by these appeals.

A motion has been made to strike the bill of exceptions, but we do not deem it necessary to pass upon this motion as the jurisdictional question is raised on the face of the pleadings.

The petitions were filed on November 14, 1952, within 10 days after the election as required by KRS 122.100. Due to the absence of the circuit judge from the district, no bond was executed when the petitions were filed. Subsequently the regular judge disqualified himself, and a special judge was appointed. Various pleadings and demurrers were filed, and not until November 26 did the plaintiffs tender an executed bond for costs. The court adjudged it had no jurisdiction because the bond was not executed within 10 days after the election.

The statute, KRS 122.100, explicitly provides that a request for a recount be filed in the form of a petition within 10 days after the election, and it has been held there must be a strict observance of statutory re-

quirements in recount cases to give the courts jurisdiction. Brock v. Saylor, 300 Ky. 471, 189 S.W.2d 688. In that case it was also pointed out that the execution of the bond under KRS 122.060 is a jurisdictional requirement before the court may enter the order directing transfer of ballots and boxes.

In the case of Hawkins v. Auxier, 311 Ky. 186, 223 S.W.2d 753, there is language to the effect that the request for a recount must be accompanied by a bond within the period allowed by KRS 122.060 to file a petition. That statute governs primary election recounts, but the language is practically identical (except for time allowed) with KRS 122.100 relating to regular elections, the statute involved here. In the Hawkins case it was held the petition did not state a cause of action, and the determination of when the bond should be executed was not necessary to the decision. In any event, it does not appear the plaintiff had even offered to execute the bond until 26 days after the election.

KRS 122.100 does not in terms require the bond to be filed within 10 days after the election. It does provide that the party requesting the recount must execute a bond in an amount to be fixed by the circuit judge. While it is true this bond must be executed before the court enters the order of transfer and fixes a day for the recount to begin, and while it is true that this type of proceeding should be expedited, the statute does not lend itself to the construction that such bond must be actually executed within the 10 day period after the election. Since this could not be done until the amount was fixed by the circuit judge, a contestant would be deprived of his rights if, as in this case, it was impossible to have the amount fixed between the time the petition was filed and the tenth day had passed.

We think that if the plaintiff offers to execute the bond within the period allowed to file the petition, he has properly set the proceedings in motion and the court does not lose jurisdiction because it is not actually executed within that period. In the prayer of plaintiffs' petitions they each ask that the court fix the amount of the bond, and this request may be considered an offer to execute it when the amount is fixed. This satisfied the statute, and the court had jurisdiction to proceed with the recount when the bond was executed.

The judgments are reversed for consistent proceedings.