**Estelle WITHERSPOON et al., Appellants,**

v.

**Jerome SALM, Trustee Under Will of Herman Salm, Deceased, et al., Appellees.**

Court of Appeals of Kentucky.

April 28, 1961.

Williams, Rivers & Melton, Ernest W. Rivers, Paducah, Charles W. Runyan, Marion, for appellants.

Terrell, Schultzman & Hardy, Herbert Schultzman, Paducah, for appellees.

BIRD, Chief Justice.

Estelle Witherspoon was injured in Crittenden County, Kentucky, while riding as a guest in an automobile driven by Herman Salm. Both guest and driver were residents of Indiana. She brought suit in the Crittenden Circuit Court to recover damages from the heirs and devisees of Herman Salm. The Phoenix Assurance Company, subrogee, intervened and joined her in the prosecution of her claim.

The accident occurred on January 9, 1952. Herman Salm, the driver, died on January 10, 1952. Jerome Salm qualified as executor in Indiana on January 16, 1952. This action was filed on January 7, 1954, more than one year after the executor was qualified in Indiana but within two years after Salm's death on January 10, 1952.

The trial court dismissed the action as being barred by the Statute of Limitations. Estelle Witherspoon appeals.

Ordinarily this action would be barred within one year from the date cause of action accrued, January 9, 1952. KRS 413.-140. However, Herman Salm died before the year expired. Therefore the proper limitation is provided in KRS 413.180(3) which reads as follows:

"If a person against whom any action mentioned in KRS 413.090 to 413.-160 may be brought dies before the expiration of the time limited for its commencement and the cause of action

survives, an action may be commenced against his personal representative, devisee, or heirs, or all, after the expiration of that time, and within one year after the qualification of his personal representative. *If there is no personal representative,* the action may be brought against his heirs or devisees, or both, after the expiration of the time limited for bringing it, and within two years after his death." (Emphasis added.)

If within the meaning of the foregoing statute a personal representative was qualified, the action must have been brought within one year after his qualification.

If within the meaning of the statute no personal representative is qualified then this action must have been brought within two years after the death of Herman Salm. No personal representative qualified in Kentucky.

The trial court held that the qualification of a personal representative in Indiana satisfied the requirement of the stat-

ute and that the action, not being filed within one year after his qualification came too late.

Appellants contend that a foreign representative was not contemplated by the legislature when it passed the act and that the action, it being brought against the heirs and devisees within two years after Salm's death, was filed in time.

We find no authority in this jurisdiction directly on the point. A majority of the Court, however, is inclined to agree that no personal representative was qualified within the contemplation of the statute and that appellant had two years after Salm's death in which to bring the action against the heirs and devisees.

If the foreign personal representative could have been sued in Kentucky at the time the act was passed a different conclusion would be reached.

The judgment is therefore reversed for proceedings not inconsistent with this opinion.