**KENTUCKY–VIRGINIA STONE COMPANY, Inc., Appellant,**

**v.**

**Verna Jo BALL, Individually, and as Co-Executrix of the Estate of Floyd Ball, Deceased, Appellee.**

Court of Appeals of Kentucky.

March 29, 1968.

———◇———

Watson & Watson, Middlesboro, for appellant.

A. E. Funk, Jr., Middlesboro, for appellee.

STEINFELD, Judge.

On May 31, 1947, Floyd Ball, now deceased, executed and delivered to Kentucky-Virginia Stone Company, Inc., his promissory note in the amount of $5,955.34 which amount he agreed to repay in monthly installments of $500.00 each, bearing interest at the rate of 5% per annum with the balance being due and payable 360 days after the date of the note. No payments were ever made and the note was not negotiated. Floyd Ball died testate on May 25, 1956, and on June 4, 1956, the

co-executrixes of his estate were appointed. On August 15, 1956, the stone company filed a claim with those co-executrixes setting up the note and the fact that no payments had been made. Neither of the co-executrixes made payment on the note, or any promise or representation that the note would be paid.

On February 8, 1966, one of the co-executrixes filed a suit which she considered necessary in connection with the settlement of the estate and in order to obtain authority to sell the remaining real and personal property. She named the stone company as one of the many defendants. Among other things, she alleged that it had filed the claim and she demanded that the estate be settled; that the real estate be sold; "that all claims found by this court to be legal against the Estate of Floyd Ball be paid; and that the balance of the Estate be distributed * * *". The stone company answered that the note had been executed and delivered; that it was still unpaid and they further alleged that Floyd Ball "* * * acknowledged that this note was a valid and subsisting obligation of his. Not only did he acknowledge without qualification that the obligation was a just one owing by him he unequivocally promised to pay it." They also charged that such promises were made on numerous occasions and within about six months of the date of death of Floyd Ball.[1]

The stone company filed a motion for a summary judgment to which the appellee filed a response which charged "that under the provisions of KRS 413.090 and KRS 413.180(3) the defendant's claim was barred by the fifteen year statute of limitations and * * * as the defendant has produced no evidence and admitted that none is available to toll the running of the statute of limitations." The response demanded that the stone company's motion for summary judgment be denied and that the co-executrixes "be given a judgment

holding that this defendant's claim is barred by the statute of limitations." The court made "findings of fact" among which were:

> "5. On September 17, 1966, this Court entered an order giving the claimant, Kentucky-Virginia Stone Company, until October 15, 1966, to submit proof, if any, that would toll the running of the statute of limitations. No proof was taken but by affidavit in support of the motion for summary judgment filed by Kentucky-Virginia Stone Company it was admitted that John B. Lewis, who was the principal participant in the affairs between Kentucky-Virginia Stone Company and Floyd Ball, is dead, and that the only other person involved in that transaction is W. B. Paynter, who is in bad health and has no recollection of the business dealings with Floyd Ball."

The court held in its conclusions of law:

> "1. The mere filing of a claim against the estate of a decedent does not toll the State of Limitations.
>
> 2. The claim of Kentucky-Virginia Stone Company, being based upon a promissory note dated May 31, 1947, which became barred by the Statute of Limitations on May 31, 1963.
>
> KRS 413.090.
>
> KRS 413.180(3)."

Judgment was entered dismissing the claim of the stone company from which it now appeals.

KRS 413.090(2) (formerly Kentucky Statute 2514) limits the filing of an action upon a written contract to 15 years. See Radford's Adm'r v. Harris, 144 Ky. 809, 139 S.W. 963 (1911). That statute lists certain specific exceptions, but none has application to the issues before us. KRS 413.180 (formerly Kentucky Statute 2528) provides that "If a person against whom any action mentioned in KRS 413.090 to

---

1. No claim is made that this renewed the debt or extended the Statute of Limitations.

413.160 may be brought dies before the expiration of the time limited for its commencement and the cause of action survives, an action may be commenced against his personal representative, devisee, or heirs, or all, after the expiration of that time, and within one year after the qualification of his personal representative. If there is no personal representative, the action may be brought against his heirs or devisees, or both, after the expiration of the time limited for bringing it, and within two years after his death." See Witherspoon v. Salm, Ky., 346 S.W.2d 48 (1961).

These statutes were discussed in Johnson v. Equitable Life Assurance Society, 137 Ky. 437, 125 S.W. 1074 (1910) and Johnson's Adm'r v. Hogg, 165 Ky. 1, 176 S.W. 350 (1915). Hogg was a suit brought against Johnson's administrator upon a note more than fifteen years after the last payment had been made. The administrator was appointed and qualified more than one year before the suit was started and more than one year before the fifteen year statute of limitation had run. In the case now before us the suit was brought more than fifteen years after the last payment was due on the Ball note, and more than one year after Ball's co-executrixes were appointed. Hogg held that the suit was barred by the statute of limitations. Because of the many years that have passed since this issue has been presented to this court we deem it appropriate to repeat part of what was said in Hogg.

"We had before us in Johnson v. Equitable Life Assurance Society, 137 Ky. 437, 125 S.W. 1074, a question precisely like the one here involved, except that in that case the limitation of 5 years provided in section 2515 of the Kentucky Statutes was relied on, while here the limitation of 15 years provided in section 2514 is relied on. This difference, however, is entirely immaterial, as the principle announced in the Johnson Case is equally as applicable to section 2514 as

to section 2515. In that case it was distinctly held that, where the debtor dies more than one year before the time limited for the commencement of the action, and an administrator is appointed more than one year before the time limited for the commencement of the action, the time in which the action may be brought is limited to the time prescribed in section 2515 or 2514, whichever may be applicable, and that the 6 months' impediment to the bringing of a suit provided in section 3847 did not prevent the statute from running during that 6 months. In the course of the opinion the court further said that section 2528, reading in part, 'If a person against whom any action mentioned in the third article of this chapter may be brought, dies before the expiration of the time limited for the commencement thereof, and the cause of action survives, an action may be commenced against his personal representative, devisee, or heirs, or all, after the expiration of that time, and within one year after the qualification of his personal representative,' applied only 'to that class of cases where the debtor died and the administrator was appointed one year or less before the expiration of the time limit within which suit might be brought' the court further said:

'Considering sections 2515, 2528, and 3847 together, we conclude that in all causes of action falling under section 2515, where the right of action accrues during the life of the debtor, and the debtor dies, and an administrator is appointed for his estate more than one year before the expiration of the time limit within which an action might be brought, section 2528 has no application, and does not stop the running of the statute during the first six months after the administrator is appointed, for the evident reason that, as the creditor still has at least six months in which to sue before the expiration of the time limit, the necessity for the passage of any

remedial statute or enabling act was wanting. On the other hand, if the debtor dies, and administration is granted on his estate less than one year before the expiration of the time limit within which the suit must be brought, section 2528 applies, provided the suit is commenced within one year after administration is granted.' "

Appellant argues that the filing of a claim with the co-executrixes amounts to the institution of an action so as to suspend the running of the statute of limitation against the claimant. We are referred to 24 C.J., Executors and Administrators, section 1078 and 34 C.J.S. Executors and Administrators § 421 p. 210 and the cases appearing in the notes thereto. In 34 C.J.S. Executors and Administrators, § 421 p. 210, appears the statement "Proof of a claim while the estate is in the hands of an administrator will operate to suspend the running of the statute of limitation against the claim." The statement is supported by In re Garnett's Estate, 126 Cal.App. 334, 14 P.2d 572 (1932); Home Insurance Company of New York v. Wickham, Mo.App., 196 S.W. 385 (1917) and Pennington's Estate, Pa., 54 York Leg.Rec. 166. Those cases and the others which appellant cites in support of this argument are based on the interpretation of statutes of those jurisdictions or the procedure followed in those states.

■ We are unable to find, and the parties have not referred us to any provision in our law that the filing of a claim with a personal representative tolls the running of the statute. We consider that act as notice to the personal representative. KRS 396.010; 34 C.J.S. Executors and Administrators § 421, p. 210.[2] It is not the institution of an action. KRS 396.020. An " 'action' includes all proceedings in any court of this state." KRS 446.010(1). However, the statute of limi-

tations with which we are confronted contemplates a civil suit for the collection of the debt. In the chapter dealing with limitation of actions found in the Kentucky Statute, and as KRS 413.250 it is said:

"An action shall be deemed to commence on the date of the first summons or process issued in good faith from the court having jurisdiction of the cause of action."

In CR 3 it is provided that:

"A civil action is commenced by the filing of a complaint with the court and the issuance of a summons or warning order thereon in good faith."

A comment made in 6 Kentucky Practice, Clay 14 with respect to CR 3 reads: "* * * an action should be deemed commenced or brought within the meaning of the statute of limitations when a complaint is filed".

■ We are cognizant of KRS 395.270 which says that "five months must run after the date of the qualification of the first personal representative of a decedent's estate before an action shall be commenced against any executor or administrator thereof except against an executor de son tort. Any action brought in violation of this section shall be dismissed with costs." To take care of the situation that limitation might run during that period it was provided that an action could be brought within one year of the appointment of the personal representative. KRS 413.180(3). The action now before us was filed almost ten years after the co-executrixes were appointed, and almost eighteen years after the date on which the last payment fell due under the note. It was barred by limitations.

The judgment is affirmed.

All concur.

---

2. In Tapp v. Reynolds, Ky., 383 S.W.2d 334 (1964) we held that filing a claim with the administrator was not a pre-

requisite to bringing an equitable action on the claim.