RENDERED:  MAY 15, 2024; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2024-CA-0365-EL

ERIC DETERS                                                        APPELLANT

                              ELECTION APPEAL
v.                    FROM LEWIS CIRCUIT COURT
         HONORABLE BRIAN CHRISTOPHER MCCLOUD, JUDGE
                      ACTION NO. 24-CI-00022

THOMAS HAROLD MASSIE;
KENTUCKY BOARD OF
ELECTIONS; AND MICHAEL G.
ADAMS                                                              APPELLEES

                              OPINION
                             AFFIRMING

                          * * * * * *

BEFORE:  THOMPSON, CHIEF JUDGE; KAREM AND TAYLOR, JUDGES.

TAYLOR, JUDGE:  Appellant Eric Deters appeals the Lewis Circuit Court's order

denying his petition under Kentucky Revised Statutes (KRS) 118.176 to disqualify

Appellee Congressman Thomas Massie as a candidate for the U.S. Representative

of Kentucky's Fourth Congressional District.  We affirm the circuit court's order.

## BACKGROUND

On December 18, 2023, Congressman Thomas Massie filed a notification and declaration with the Kentucky Secretary of State, seeking reelection in 2024. One of his witnesses, Theodore "TJ" Roberts, listed his residential address on the form at East Bend Road, Burlington, Kentucky. In May of 2023, Roberts' residence burned down. Roberts posted online that he and his family would remain at the address and rebuild. In January of 2024, Roberts and his family returned to their restored and reconstructed home. On February 22, 2024, Deters filed the underlying action under KRS 118.176, challenging Massie's status as a bona fide candidate.

Deters argued that since Massie's notification and declaration listed Roberts' residence as East Bend Road, although he slept elsewhere during the reconstruction, Massie's declaration was false, thereby invalidating Massie's candidacy. The circuit court disagreed, denying and dismissing Deters' petition.

The circuit court found that while Roberts restored and reconstructed his home at East Bend Road, he continued to use that address for his mail, voter registration, vehicle registration, and driver's license. He also stored personal property and his animals in the garage and barn at the same address. Between June 18, 2023, and January 10, 2024, Roberts slept at an apartment on Torrid Street in Burlington, paid for by his homeowners' insurance policy. The court found that

-2-

Roberts' temporary address was also located within the Fourth Congressional District and the 66th Kentucky House District, the same district in which Massie sought to be nominated.

The court ruled that Massie's notification and declaration were valid and that Massie shall remain a bona fide candidate. The court held that Roberts did not lose his residency at East Bend Road based on KRS 116.035(2), which provides:

> A voter shall not lose his or her residence by absence for temporary purposes merely; nor shall he or she obtain a residence by being in a country or precinct for temporary purposes without the intention of making that county or precinct his or her home.

Deters filed this appeal thereafter. He argues the circuit court erred in concluding the term "residential address" as used on the Secretary of State's nomination and declaration form means a place where a person resides, not his legal domicile. Deters additionally asserts he was denied due process of law and an opportunity to impeach Roberts' affidavit listing his residential address as East Bend Road.

## STANDARD OF REVIEW

This appeal comes before the Court upon the circuit court's conclusions of law and interpretation of KRS 118.176 and KRS 116.035. Accordingly, the circuit court's order is subject to *de novo* review. *Hardin v.*

*Montgomery*, 495 S.W.3d 686, 694 (Ky. 2016) (citing *McClendon v. Hodges*, 272 S.W.3d 188, 190 (Ky. 2008)).  With this standard of review in mind, we will address Deters' arguments separately.

ANALYSIS

**Roberts' Residential Address**

Deters' argument that the Secretary of State's form required Roberts' temporary residential address, rather than his permanent residential address, is without merit.  KRS 118.125(2)[1] mandates that a notification and declaration "shall be signed by the candidate and by not less than two (2) registered voters of the same party from the district or jurisdiction from which the candidate seeks nomination."  The requirements to be a registered voter in Kentucky are located in KRS 116.025(1):

> Every person who is a citizen of the United States, a resident of this state, and a **resident** of the precinct in which he or she offers to vote on or before the day preceding the closing of the registration books for any primary, general, or special election, who possesses on the day of any election the qualifications set forth in Section 145 of the Constitution,[2] exclusive of the

---

[1] In interpreting Kentucky Revised Statutes (KRS) 118.125, we must construe the statute as a whole so that all its provisions have meaning and harmonize with related statutes. *Jefferson Cnty. Bd. of Educ. v. Fell*, 391 S.W.3d 713, 718-19 (Ky. 2012) (quoting *Shawnee Telecom Resources, Inc. v. Brown*, 354 S.W.3d 542, 551 (Ky. 2011)).  We also presume that the General Assembly did not intend for an absurd or unconstitutional result. *Id.*

[2] Section 145 of the Kentucky Constitution provides:  "Every citizen of the United States of the age of eighteen years who has resided in the state one year, and in the county six months, and the precinct in which he offers to vote sixty days next preceding the election, shall be a voter in said

durational residency requirements, who is not disqualified under that section or under any other statute, and who is registered as provided in this chapter, may vote for all officers to be elected by the people and on all public questions submitted for determination at that election, in the precinct in which he or she is qualified to vote. Any person who shall have been convicted of any election law offense which is a felony shall not be permitted to vote until his or her civil rights have been restored by executive pardon.

(Emphasis added.)

"A voter's **residence** shall be deemed to be at the place where his or her habitation is, and to which, when absent, he or she has the intention of returning." KRS 116.035(1) (emphasis added). Moreover, "[a] voter shall not lose his or her **residence** by absence for temporary purposes merely[.]" KRS 116.035(2) (emphasis added).

Deters argues "[b]ecause the law requires two witnesses who reside and vote in the Congressional District. [sic] There is no requirement they have legal domiciles in the District." Appellant's Brief, at 7. We disagree. "[A] citizen cannot select for himself a voting place other than the place the law constitutes his legal home and habitation." *Everman v. Thomas,* 303 Ky. 156, 197 S.W.2d 58, 62 (1946) (citing *Penny v. McRoberts*, 163 Ky. 313, 173 S.W. 786 (1915)). "If he

precinct and not elsewhere[.]"

actually lives in one district, he cannot vote in another, unless he resides in the former merely for a temporary purpose." *Id.*

In *Bentley v. City of Allen*, No. 2007-CA-000189-MR, 2008 WL 612348 (Ky. App. Mar. 7, 2008),[3] this Court held that a registered voter in Allen, Kentucky, who temporarily rented a trailer in Banner, Kentucky, was eligible to vote in the November 2006 election for the Mayor of the City of Allen. The registered voter lived with his sister in Allen, received mail in Allen, and his driver's license continued to list his Allen address. *Id*. at *4. He also had no intention of taking up residence in Banner until after the election. *Id*.

In the instant appeal, the circuit court found that Roberts listed the correct residential address as required by KRS 118.035(1). The court further found that the house fire had not caused Roberts to lose his residence at East Bend Road and that Roberts' treatment of the East Bend property demonstrated his intentions to return there. He collected his mail there; he stored his pets and personal property there; and he used that address for his vehicle registration, his driver's license, and most importantly, his voter registration. Furthermore, the circuit court found that Roberts' temporary address was also located within the same district in which Massie sought his nomination.

---

[3] Cited pursuant to Kentucky Rules of Appellate Procedure (RAP) 41(A) for illustrative purposes only.

We hold that Roberts is a registered Kentucky voter whose residential address was at all relevant times at East Bend Road. We agree with the circuit court that Roberts did not lose his "residence" as defined by KRS 116.035(1) simply because he temporarily lived elsewhere during the restoration and reconstruction of the East Bend Road property. Accordingly, Roberts' witness form and affidavit did not invalidate Massie's candidacy. The circuit court properly denied Deters' KRS 118.176 petition.

**Discovery and Evidentiary Hearings in KRS 118.176 Proceedings**

Next, Deters argues he was denied due process of law because the circuit court did not allow him an opportunity for discovery or an evidentiary hearing.

KRS 118.176(2) provides:

> The bona fides of any candidate seeking nomination as the nominee of a political party or a nonpartisan or judicial nominee in a primary or election to an office as a member of a political organization, political group, or as an independent in a special or regular election may be questioned by any qualified voter entitled to vote for the candidate or by an opposing candidate **by summary proceedings consisting of a motion** before the Circuit Court of the judicial circuit in which the candidate whose bona fides is questioned resides. An action regarding the bona fides of the nominee of a political party or a nonpartisan or judicial nominee may be commenced at any time prior to the primary. An action regarding the bona fides for election to an office as a member of a political organization, political group, or as an independent may be commenced at any time prior to a

special or regular election. **The motion shall be tried summarily and without delay**. Proof **may be** heard orally, and upon motion of either party shall be officially reported. If the Circuit Judge of the circuit in which the proceeding is filed is disqualified or absent from the county or is herself or himself a candidate, the proceeding may be presented to, heard and determined by the Circuit Judge of any adjoining judicial circuit.

(Emphasis added.)

Deters asserts that the Kentucky Rules of Civil Procedure apply to these proceedings. This is incorrect. "KRS 118.176 is the only statutory method to challenge a candidate's bona fides in court before election." *Davis v. Wingate*, 437 S.W.3d 720, 726 (Ky. 2014). Where the General Assembly legislatively mandates procedural requirements in special statutory proceedings, the Kentucky Rules of Civil Procedure do not apply. As such, the challenger must follow the statute's procedures. *See, e.g.*, *Brock v. Saylor*, 300 Ky. 471, 189 S.W.2d 688 (1945) (holding that election contests and recounts constitute special statutory proceedings). *See also Summary Proceeding*, BLACK'S LAW DICTIONARY (11th ed. 2019) (defining "summary proceeding" as "[a] nonjury proceeding that settles a controversy or disposes of a case in a relatively prompt and simple manner").

The Civil Rules also recognize the exclusivity of special statutory proceedings. Kentucky Rules of Civil Procedure (CR) 1(2) provides "[t]hese Rules govern procedure and practice in all actions of a civil nature in the Court of Justice **except for special statutory proceedings**, in which the procedural

requirements of the statute **shall prevail over any inconsistent procedures** set forth in the Rules." *See also McCann v. Sullivan University System*, Inc., 528 S.W.3d 331, 334 (Ky. 2017) (emphasis added) (footnote omitted) ("Absent this caveat for special statutory proceedings, the Rules of Civil Procedure govern all civil actions within the Court of Justice."). Accordingly, the Civil Rules, including CR 26.01 to CR 37.06, do not apply to summary proceedings under KRS 118.176.

Because the General Assembly directed that a petition under KRS 118.176 shall be a summary proceeding, it intended that a judgment may be obtained on a motion. Furthermore, it did not permit discovery or evidentiary proceedings unless ordered so by the circuit court.

CONCLUSION

For the foregoing reasons, the final order of the Lewis Circuit Court is affirmed.

ALL CONCUR.

BRIEF FOR APPELLANT:

David Lee Drake
Independence, Kentucky

BRIEF FOR APPELLEE THOMAS MASSIE:

Christopher D. Wiest
Covington, Kentucky

Thomas B. Burns
Cincinnati, Ohio