RENDERED: OCTOBER 24, 2024
TO BE PUBLISHED

# Supreme Court of Kentucky

2023-SC-0039-DG

DIANNA LYNN DAVENPORT,                                    APPELLANT
IN HER CAPACITY AS PERSONAL
REPRESENTATIVE OF THE ESTATE
OF PENNY ANN SIMMONS

|  | ON REVIEW FROM COURT OF APPEALS |
| V. | NO. 2021-CA-0974 |
|  | JEFFERSON CIRCUIT COURT NO. 19-CI-005790 |

KINDRED HOSPITALS LIMITED                                 APPELLEES
PARTNERSHIP D/B/A KINDRED HOSPITAL
– LOUISVILLE;  AND THE
COMMONWEALTH OF KENTUCKY EX REL.
ATTORNEY GENERAL RUSSELL COLEMAN

**OPINION OF THE COURT BY CHIEF JUSTICE VANMETER**

**AFFIRMING**

Section 116 of the Kentucky Constitution grants to the Supreme Court the exclusive power to "prescribe. . . rules of practice and procedure for the Court of Justice."  Pursuant to that power, we have established the Kentucky Rules of Civil Procedure which apply "in all actions of a civil nature in the Court of Justice[.]"  CR[1] 1(2).  However, we recognize an exception to the rule's application in "special statutory proceedings" wherein the procedural requirements of a statute prevail "over any inconsistent procedures set forth in

---

[1] Kentucky Rules of Civil Procedure.

the Rules[.]" *Id.* We hold that probate proceedings, including the appointment of a personal representative during probate, constitute special statutory proceedings and the procedural requirement of KRS[2] 395.105, making the order of appointment effective at its signing by the judge, prevails over CR 58(1). We further clarify that the limitation period set forth in KRS 413.180(1) begins at the time of appointment.

## I.     FACTUAL AND PROCEDURAL BACKGROUND

The factual underpinning to this matter revolves around four undisputed events:

1. <u>July 19, 2018</u>: Penny Ann Simmons died.

2. <u>September 11, 2018</u>: The Spencer District Court signed an order appointing Davenport to be the personal representative of the Simmons Estate.

3. <u>September 21, 2018</u>: The Spencer County Clerk entered this order.

4. <u>September 20, 2019</u>: Davenport filed a medical malpractice/wrongful death suit against Kindred in Jefferson Circuit Court on behalf of the Estate.

Kindred filed a motion for summary judgment alleging the lawsuit was filed outside of the statute of limitations, having been filed more than one year after Davenport was appointed personal representative. Kindred based its motion on KRS 395.105, arguing that the date of Davenport's appointment was

---

[2] Kentucky Revised Statutes.

when the order of appointment was signed by the district judge and KRS 413.180 providing a 1-year window for the personal representative to bring claims on behalf of the estate. Davenport opposed the motion, arguing that KRS 395.105 conflicts with the civil rules and violates the separation of powers.

The circuit court granted the motion for summary judgment and dismissed the case, determining that KRS 395.105 was constitutional based upon CR 1(2) and *Batts v. Illinois Central Railroad Company*, 217 S.W.3d 881, 883-84 (Ky. App. 2007).

The Court of Appeals hesitantly affirmed, holding it was bound by its own precedent in *Batts*, but inviting this Court to take discretionary review to definitively resolve the issue. Davenport moved this Court for discretionary review, which we granted.

## II. STANDARD OF REVIEW

Because the facts are undisputed and Davenport attacks the constitutionality of KRS 395.105, we review the question *de novo*. *Ky. CATV Ass'n, Inc. v. City of Florence*, 520 S.W.3d 355, 359 (Ky. 2017).

## III. ANALYSIS

At issue is the interplay between two statutes—KRS 395.105 and KRS 413.180—and two rules of civil procedure—CR 1 and CR 58. We set forth the relevant portion of each provision below:

> **KRS 395.105**: Every fiduciary, before entering upon the execution of the trust, shall receive letters of appointment from the District Court having jurisdiction as now fixed by law. The duties of a fiduciary shall be such as are required by law, and

3

such additional duties not inconsistent therewith as the court may order.  The appointment shall be effective with the signing of an order by the judge.

**KRS 413.180(1)**:   If a person entitled to bring any action mentioned in KRS 413.090 to 413.160 dies before the expiration of the time limited for its commencement and the cause of action survives, the action may be brought by his personal representative after the expiration of that time, if commenced within one (1) year after the qualification of the representative.

**CR 1(2)**:   These Rules govern procedure and practice in all actions of a civil nature in the Court of Justice except for special statutory proceedings, in which the procedural requirements of the statute shall prevail over any inconsistent procedures set forth in the Rules, and appeals from civil actions, which are governed by the Rules of Appellate Procedure.  Regulations and manuals published by the Administrative Office of the Courts upon authorization of the Supreme Court relating to internal policy and administration within the Court of Justice shall have the same effect as if incorporated in the Rules.

**CR 58(1)**:   Before a judgment or order may be entered in a trial court it shall be signed by the judge.  The clerk, forthwith upon receipt of the signed judgment or order, shall note it in the civil docket as provided by CR 79.01. The notation shall constitute the entry of the judgment or order, which shall become effective at the time of such notation; however, an authorized order for pre-trial adult or juvenile release or detention, or a signed emergency protective order, shall be effective when issued and does not require prior entry in the clerk's office to become effective.  The additional notation required by CR 77.04(2) or by RCr 12.06(2) shall govern the running of time for appeal under CR 73.02.

Davenport contends that the final sentence of KRS 395.105 ("[t]he appointment shall be effective with the signing of an order by the judge[]") violates the separation of powers enshrined in the Kentucky Constitution. Davenport further draws a distinction between the language used in KRS 395.105 (using the word "appointment") with the language used in KRS 413.180(1) (using the word "qualification") to suggest the legislature intended

for the statute of limitations to begin at a time other than when the order of appointment is signed by a judge.

### A. *Probate is a Special Statutory Proceeding.*

Our separation of powers doctrine is set forth in Sections 27 and 28 of the Kentucky Constitution. The law is well settled that "in the state of Kentucky one branch of Kentucky's tripartite government may not encroach upon the inherent powers granted to any other branch." *Smothers v. Lewis*, 672 S.W.2d 62, 64 (Ky. 1984) (citing *LRC v. Brown*, 664 S.W.2d 907 (Ky. 1984)). "Under this doctrine 'the legislative function cannot be so exercised as to interfere unreasonably with the functioning of the courts, and . . . any unconstitutional intrusion is per se unreasonable, unless it be determined by the court that it can and should be tolerated in a spirit of comity.'" *Arkk Properties, LLC v. Cameron*, 681 S.W.3d 133, 140 (Ky. 2023) (quoting *Ex parte Auditor of Pub. Accts.*, 609 S.W.2d 682, 688 (Ky. 1980)).

Section 116 of the Kentucky Constitution grants to the Supreme Court the exclusive power to "prescribe . . . rules of practice and procedure for the Court of Justice." Davenport argues that the legislature has encroached upon this power by setting forth a rule of procedure in probate cases that conflicts with our duly promulgated Rules of Civil Procedure.

Facially, this argument appears to have merit. CR 58(1) clearly provides that an order becomes effective at the time the clerk notes it in the civil docket. CR 58(1) ("[t]he notation [into the civil docket] shall constitute the entry of the judgment or order, which shall become effective at the time of such notation[]").

5

To the extent KRS 395.105 provides for a different effective date for an order, in this case the time the order is signed by the judge, the statute conflicts with the constitutional prerogative of the Supreme Court to set our rules of procedure. However, our Civil Rules also recognize that in special statutory proceedings we cede to the legislature the ability to set procedural requirements that conflict with the general Rules of Civil Procedure. CR 1(2). Thus, for the last sentence of KRS 395.105 to survive a separation of powers challenge, we must be convinced that probate and the appointment of a personal representative qualifies as a "special statutory proceeding."

"A 'special statutory proceeding' is one that is 'complete within itself having each procedural detail prescribed.'" *McCann v. Sullivan Univ. Sys., Inc.*, 528 S.W.3d 331, 334 (Ky. 2017) (quoting *C.C. v. Cabinet for Health & Fam. Servs.*, 330 S.W.3d 83, 87 (Ky. 2011)). "[T]his Court determines the existence of a special statutory proceeding by evaluating whether the statute in question provides for a comprehensive, wholly self-contained process that prescribes each procedural detail of the cause of action." *Id.* Examples of special statutory proceedings include election contests, *Brock v. Saylor*, 189 S.W.2d 688, 689 (Ky. 1945); forcible entry and detainer, *Shinkle v. Turner*, 496 S.W.3d 418, 420–21 (Ky. 2016); and cases that originate from administrative agencies such as the Unemployment Insurance Commission. *W. Ky. Coca-Cola Bottling Co. v. Runyon*, 410 S.W.3d 113, 116 (Ky. 2013).

Probate, including the process of appointing a personal representative, qualifies as a special statutory proceeding. Probate generally is subject to a

robust statutory framework contained in KRS Title XXXIV. *See generally* KRS

Chapters 391.010 to 397.1009.[3] Therein, the legislature has prescribed

specific rules for personal representatives, including who may be appointed,

KRS 395.005; how a person may apply to be appointed, KRS 395.015; when an

estate may be distributed, KRS 395.190; when actions against an

administrator may be brought or revived, KRS 395.270, KRS 395.278; who

may be substituted upon the death of a representative, KRS 395.280; when an

order dispensing with administration may be set aside, KRS 395.500; the

formalities or informalities of settlements. KRS 395.510, 395.600-.617. The

comprehensiveness with which the statutes address these matters is akin to

other proceedings we have determined to be of the special statutory variety.

*Compare C.C.,* 330 S.W.3d at 87 (finding DNA actions to be special statutory

proceedings because "the procedures for DNA actions are laid out in detail in

KRS Chapters 610 and 620[]"), *and W. Ky. Coca-Cola Bottling Co., Inc,* 410

S.W.3d at 116 (holding "[a]n appeal from an adverse decision of the [Kentucky

Unemployment Insurance] Commission is a special statutory proceeding"

because of the procedures set forth in KRS 341.450), *with Hensley v. Haynes

Trucking,* 549 S.W.3d 430, 440-41 (Ky. 2018) (holding KRS 337.550(2) was an

insufficient basis to consider suits under Kentucky's prevailing-wage law

special statutory proceedings because it only identified the Commissioner of

---

[33] "Probate" in its technical meaning is the proof of a will and the appointment of an executor/executrix to carry out the will's directions. Administration, by contrast, is the intestate equivalent. For purposes of this opinion, we include each process as "probate."

Labor as one party allowed to bring suit). Accordingly, because the statutes dealing with probate are sufficiently comprehensive to be considered "complete within itself," we hold probate to be a special statutory proceeding. In so holding, we affirm and make explicit what the Court of Appeals implied in *Batts*, when it found CR 1(2) operated to allow KRS 395.278 to trump our Civil Rules in a similar factual situation.

Because probate is a special statutory proceeding, the remainder of our analysis is straightforward. CR 1(2) allows "procedural requirements of [a] statute [to] prevail over any inconsistent procedures set forth in the Rules" with regard to special statutory proceedings. KRS 395.105 is one such statute. Instead of the order of appointment becoming effective upon its entry by the clerk, as part of a special statutory proceeding, pursuant to KRS 395.105 an order appointing a personal representative becomes effective upon its signing by the judge.

**B.      The Limitation Period in KRS 413.180 Begins at Appointment.**

Having resolved that orders of appointment become effective upon signing by the judge, we still must resolve when the period within which a personal representative may bring an action begins. KRS 413.180 provides a 1-year window during which a personal representative may bring any surviving claims. KRS 413.180(1). However, as Davenport points out, the language of KRS 413.180 does not perfectly track that found in the appointment statute. Specifically, KRS 413.180(1) begins the 1-year period upon *qualification* of the representative, rather than upon appointment. Davenport argues this

8

difference in language saves her claim because the statute of limitations began to run not upon appointment, but upon qualification. Upon review of the statutes, we hold the period set forth in KRS 413.180 begins when a personal representative becomes legally empowered to manage the estate pursuant to KRS 395.105—in other words, when a judge signs the order appointing the representative.

We begin by noting that neither Chapter 395 nor Title XXXIV contain a definition for either "appointment" or "qualification". Black's Law Dictionary defines "appointment" as "[t]he choice or designation of a person, such as a nonelected public official, for a job or duty". *Appointment,* BLACK'S LAW DICTIONARY (12th ed. 2024). "Qualification" is defined as "[t]he possession of qualities or properties (such as fitness or capacity) inherently or legally necessary to make one eligible for a position or office, or to perform a public duty or function". *Qualification* , BLACK'S LAW DICTIONARY (12th ed. 2024). From a purely linguistic perspective, we can say that at the very least qualification should, ideally, occur prior to appointment, since qualification is merely the assumption of required traits necessary to be eligible for appointment. This interpretation alone would underline Davenport's claim as it would necessarily place her malpractice claim even further outside of the 1-year limitation period.

However, because the statutes provide no guidance as to when an individual has qualified to be eligible for appointment, we believe the more rational rule is to date qualification from the moment a judge determines an individual is qualified, which is by necessity at appointment. Otherwise, the

9

date of qualification becomes hopelessly inscrutable. Because no requirement exists for an official determination of qualification, litigants could argue qualification occurred once a prospective representative had satisfied all the prerequisites which may or may not coincide with a clearly-dated order from the district court. We are not inclined to endorse such an unclear approach. However, because qualification becomes officially recognized upon appointment, the date of qualification and the date of appointment are, for practical purposes, coterminous. Appointment, therefore, is a reasonable, easily pinpointed date that can signify successful qualification. Accordingly, we hold that date to be operative for the purpose of calculating the limitation period.

Further, although we have never made this point explicit, our predecessor court has long conflated qualification and appointment for the purpose of determining when a time limitation had run. In *Johnson v. Equitable Life Assurance Soc'y,* at issue was whether Ky. Stat. § 2528—delineating the statute of limitation for an action brought against the personal representative—acted to extend the five-year statute of limitation for fraud. 137 Ky. 437, 125 S.W. 1074 (1910). In determining that it did not, the court discussed the 1-year period in which a claim could be brought against the representative after his qualification, but also calculated that period from the date of appointment. *Johnson,* 137 Ky. at 458-60, 125 S.W. at 1081. The court wrote,

> [Appellee] cannot accept the extension of time which the statute affords and refuse to commence its action within one year after the

10

**qualification** of the personal representative.  The burden goes with the benefit.  Howe died in December, 1903. His administrator was **appointed** two days after his death, and allowing for the six months within which no suit could be brought against his administrator, the society had from the 28th of June, 1904, to April 26, 1907, or nearly three years, in which to bring its suit[.]

. . .

That full force and effect was intended to be given the words "and within one year after the **qualification** of his personal representative" is shown by the addition of the clause where provision is made for the commencement of the action after the expiration of the time limit when there is no administrator **appointed**.

. . .

It is apparent that the Legislature only intended section 2528[, which uses the word "**qualified**",] to apply to that class of cases where the debtor died and the administrator was **appointed** one year or less before the expiration of the time limit within which suit might be brought.

*Id.* (emphasis added).  In discussing when the time limitation set forth in Ky. Stat. § 2528 began, the *Johnson* Court made no distinction between qualification and appointment.

Later cases followed this interpretation.  *Johnson's Administrator v. Hogg* retained a similar disinterest in distinguishing the two words in its discussion of *Johnson.*  165 Ky. 1, 2-3, 176 S.W. 350, 351 (1915) (repeating *Johnson*'s conflation of qualification and appointment).  Even after the promulgation of the revised statutes, our predecessor court continued to equate the date of qualification with the date of appointment.  *Ky.-Va. Stone Co. v. Ball*, 426

11

S.W.2d 455, 458 (Ky. 1968) (Discussing KRS 413.180(3)[4]—the successor to Ky. Stat. § 2528's limitation on actions against the representative—and calculating the limitation period as starting from when the co-executrixes were appointed). Our decision today only makes explicit what Kentucky's case law has long recognized: the running of the limitation period begins at the date of appointment.

### C. *The Court of Appeals Can Address Its Prior Decisions.*

Finally, we briefly address Davenport's argument regarding the Court of Appeals. Davenport asks this Court to set forth clear guidance regarding the obligation of a panel of the Court of Appeals to follow precedent set by another panel. We observe simply that our rules already resolve this question and provide a mechanism via SCR[5] 1.030(7)(d):

> The decision of a majority of the judges of a panel shall constitute the decision of the Court of Appeals. If prior to the time the decision of a panel is announced it appears that the proposed decision is in conflict with the decision of another panel on the same question, the chief judge may reassign the case to the entire court. If a panel is unable to reach a decision on a case under consideration by it, the chief judge may reassign the case to a larger or different panel or to the entire court.

We acknowledge that in practice this provision limits the ability of the Court of Appeals to overrule its prior decisions. While imperfect, the mechanism exists and where, as here, *en banc* review does not provide the remedy sought by a litigant, parties may always apply to this Court for

---

[4] KRS 413.180(3) was removed from the statute in 1988.

[5] Rules of the Supreme Court.

discretionary review.  Accordingly, at this time we decline Davenport's call for us to act on this issue.

## IV.    CONCLUSION

In summary, we hold that a personal representative's appointment is effective on the day the district court judge signs the order of appointment pursuant to KRS 395.105, via CR 1(2), and the limitation period set forth in KRS 413.180(1) begins at the date of appointment.  The judgment of the Jefferson Circuit Court and the opinion of the Court of Appeals are hereby affirmed.

VanMeter, C.J.; Bisig, Conley, Keller, Lambert and Nickell, JJ., sitting. Bisig, Conley, Keller and Nickell, JJ., concur.  Lambert, J., dissents by separate opinion.  Thompson, J., not sitting.

LAMBERT, J., DISSENTING: I do not agree with the majority that probate is a special statutory proceeding.  Additionally, the majority, in analyzing KRS 395.105[6], fails to consider the first sentence of the statute, that is, that the fiduciary receives a copy of the order of appointment before entering the execution of the trust.

There are certainly circumstances, as was here, where trial court judges sign an order, and, whether it is misplaced, lost, or poorly processed, the clerk

---

[6] That statue provides in its entirety: "Every fiduciary, before entering upon the execution of the trust, shall receive letters of appointment from the District Court having jurisdiction as now fixed by law. The duties of a fiduciary shall be such as are required by law, and such additional duties not inconsistent therewith as the court may order. The appointment shall be effective with the signing of an order by the judge." (Emphasis Added).

13

does not enter the order until a much later date. These unique circumstances create a diminished statute of limitations to affected fiduciaries as opposed to those fiduciaries whose order of appointment is timely entered so they can begin the administration of the estate.

If one seeks a clear and concise process, KRS 395.105 directs a mandatory receipt of the order of appointment by **EVERY** fiduciary before that fiduciary may begin execution of the trust. The time for the filing of claims is then consistent with the date the fiduciary is empowered to act. Thus, I dissent.

COUNSEL FOR APPELLANT:

Harry Bernard O'Donnell, IV

COUNSEL FOR APPELLEE,
KINDRED HOSPITALS LIMITED
PARTNERSHIP D/B/A KINDRED
HOSPITAL – LOUISVILLE:

Paul Dzenitis
Emily W. Newman
Rebecca R. Schafer
Jesse A. Farler
Dzenitis Newman, PLLC


COUNSEL FOR APPELLEE,
COMMONWEALTH OF KENTUCKY
EX REL. ATTORNEY GENERAL RUSSELL
COLEMAN:

Russell M. Coleman
Attorney General of Kentucky

Matthew Franklin Kuhn
Solicitor General

Sarah N. Christensen
Assistant Solicitor General

John H. Heyburn
Principal Deputy Solicitor General