Ernestine **CHIQUELIN**, Appellant,

v.

S. Harry **LINKER**, Appellee.

Court of Appeals of Kentucky.

Jan. 23, 1959.

Rehearing Denied May 22, 1959.

**584**

Ben B. Hardy (Hardy & Hardy), Louisville, for appellant.

Joseph J. Kaplan, Louisville, for appellee.

BIRD, Judge.

Chiquelin, a landlord, appeals from a judgment awarding Linker, a lienholder, damages for the conversion of personal property upon which Linker claimed a lien. The pertinent facts follow.

Chiquelin leased a business building to Meena, whereupon Meena installed in the building various items of business equipment. After the installation of this equipment, Meena borrowed money from Linker and as security executed a chattel mortgage on the equipment then on the leased premises. The mortgage was immediately put to record.

Meena got in arrears with the rent. Landlord, Chiquelin, under the authority of KRS 383.010(1) proceeded to recover his rent by distress and, under the authority of KRS 383.020(1) and 383.040, a distress warrant was issued and the mortgaged business equipment on the premises was distrained. Under the authority of KRS 383.-050 the distrained property was sold to satisfy the rent with interest and costs. Chiquelin, the landlord, was the only bidder and purchased the property for the debt, interest, and costs. The distress sale, so far as this record discloses, was held in full and complete compliance with all statutory requirements pertaining to distress proceedings and the validity of that sale is not challenged in this action. Subsequently the purchasing landlord privately sold this property along with other property and appropriated the proceeds to her own use. The lienholder contends that his lien was still in full force and effect at the time of the private sale and that such sale and appropriation by the purchaser constituted a conversion. He sued for damages and secured a judgment. The purchasing landlord appeals.

Let us keep in mind that the chattel mortgage was executed and the lien created after the property in question was placed upon the premises.

Do purchasers at distress sales take free of liens created after the property is placed upon the leased premises? That is the question to be answered here.

The distress remedy is provided by KRS 383.010(1) and provides as follows:

"Rent may be recovered by distress, attachment or action, and shall bear six percent interest per annum from the time it is due."

It is a special statutory proceeding complete within itself having each procedural detail prescribed. The Kentucky Rules of Civil Procedure concerning notice and parties do not apply. CR 1. It is a remedy separate and apart from actions and is not within the purview of KRS 426.006 or any rule of law requiring that other lienees be made parties. It is strictly a proceeding in rem and one of three remedies provided for the collection of rent and the enforcement of a landlord's lien for rent.

The legislature in providing the remedy was cognizant of two general classifications of liens, other than the lien of the landlord, which may be affected by a distress action, to-wit: (1) Liens created before the property has been placed upon the leased premises, (2) liens created after the property has been placed upon the leased premises. Obviously all liens that may be affected by the distress remedy must fall in one of the two categories.

As to liens created before the property is placed upon the premises, KRS 383.080(3) provides that they "shall prevail against a distress warrant." Let us emphasize that the statute says the lien *shall prevail against the distress warrant* and does not say that it shall prevail against, or be superior to, the landlord's lien for rent. A distress warrant is not a lien nor does it create a lien. It is simply a means of enforcing a lien already in existence. The statute says that liens created before the property is placed upon the premises shall prevail against the remedy itself. As this Court construes KRS 383.080(3), the legislature has said that such a lien will not be overcome by the distress action and will continue to exist and be in force though the property is sold at the distress sale and is in the hands of the purchaser. In other words the purchaser does not take the property free of lien in such cases.

As to liens created after the property is placed upon the premises, KRS 383.070(3) provides that they shall be inferior to the landlord's lien and makes no provision for the prevailing of such liens against the distress proceeding. The legislature having dealt with both categories of liens and having in the same act made the "prevailing" provision for one and not the other, the Court concludes that the legislature did not intend that liens in the second category should prevail against the distress remedy, and did intend for the purchaser to take free of lien in such cases. The landlord-purchaser in this case therefore took free of lien and the mortgagee, having no interest in the property, could not maintain an action for its conversion.

The question of sufficiency of notice to other parties interested in the distrained property is forcibly presented to the Court in this case. Though the notice may not be as adequate as the summons or warning order provided in actions, it is nevertheless the notice prescribed by the statute and compliance with it is sufficient.

For the reasons stated the motion for appeal is sustained and the judgment is reversed.