SWIFT & COMPANY, Inc., Appellant,

v.

Lelia CAMPBELL et al., Appellees.

Court of Appeals of Kentucky.

May 25, 1962.

Rehearing Denied Oct. 12, 1962.

Woodson T. Wood, Fox, Wood & Wood, Maysville, Grover C. Thompson, Lexington, for appellant.

D. Bernard Coughlin, Maysville, for appellees.

BIRD, Judge.

Swift & Company leased an ice cream cabinet to Lelia Campbell, a restaurant operator, whose business was located in a building belonging to the Maysville Aerie of the Fraternal Order of Eagles.

Lelia was in arrears with the rent and the Eagles proceeded by distress to distrain and sell her personal property housed within their building. The ice cream cabinet was also sold in that proceeding to Alfred Caproni.

This is a claim and delivery action in the Mason Circuit Court against Caproni to recover the cabinet.

The trial court dismissed the action as being a collateral attack on the judgment of the Mason Quarterly Court in which the distress and distraint proceeding originated. Swift & Company has appealed to this Court.

In Chiquelin v. Linker, Ky., 323 S.W.2d 583, this Court said:

"The distress remedy is provided by KRS 383.010(1) and provides as follows:

" 'Rent may be recovered by distress, attachment or action, and shall bear six percent interest per annum from the time it is due.'

It is a special statutory proceeding complete within itself having each procedural detail prescribed. The Kentucky Rules of Civil Procedure concerning notice and parties do not apply. CR 1. It is a remedy separate and apart from actions and is not within the purview of KRS 426.006 or any rule of law requiring that other lienees be made parties. It is strictly a proceeding in rem and one of three remedies provided for the collection of rent and the enforcement of a landlord's lien for rent."

It was not necessary to make Swift & Company or any lienholder a party to that action. It was necessary to do only that which is required for the exercise of the distress remedy. We find it unnecessary to determine whether the remedy was properly pursued and perfected. Assuming that there was no error in the distress proceeding and that Caproni was a purchaser in good faith, Swift & Company is still entitled to its day in court as regarding its claim to the property.

In the Chiquelin case we said concerning the lien interest in distrained property as follows:

"As to liens created before the property is placed upon the premises, KRS 383.080(3) provides that they 'shall prevail against a distress warrant.' Let us emphasize that the statute says the lien *shall prevail against the distress warrant* and does not say that it shall prevail against, or be superior to, the landlord's lien for rent. A distress warrant is not a lien nor does it create a lien. It is simply a means of enforcing a lien already in existence. The statute says that liens created before the property is placed upon the premises shall prevail against the remedy itself. As this Court construes KRS 383.080(3), the legislature has said that such a lien will not be overcome by the distress action and will continue to exist and be in force though the property is sold at the distress sale and is

in the hands of the purchaser. In other words the purchaser does not take the property free of lien in such cases."

Actual ownership is a greater interest in property than the interest created by lien. If a lienholder can pursue his claim while the property is in the hands of the purchaser there can be no argument as to the right of the true owner to do so.

The owner's interest in this property existed before it was put on the premises and we therefore apply the Chiquelin ruling.

The trial court erred in dismissing the action. The judgment is reversed.