RENDERED: AUGUST 24, 2017
TO BE PUBLISHED



$Supreme Court of Kentucky$

2015-SC-000144-DG

MARY E. MCCANN                                    APPELLANT
(INDIVIDUALLY AND ON BEHALF OF ALL
OTHERS SIMILARLY SITUATED)


ON REVIEW FROM COURT OF APPEALS
V.                          CASE NO. 2014-CA-000392
JEFFERSON CIRCUIT COURT NO. 10-CI-001130


THE SULLIVAN UNIVERSITY SYSTEM,              APPELLEE
INC., D/B/A SULLIVAN UNIVERSITY
COLLEGE OF PHARMACY, ET AL


**OPINION OF THE COURT BY JUSTICE WRIGHT**

**<u>REVERSING AND REMANDING</u>**


Mary McCann filed a CR 23 motion to certify a class action in Jefferson Circuit Court. The trial court denied that motion as a matter of law and McCann appealed. The Court of Appeals affirmed the trial court's judgment and held KRS 337.385 does not authorize class actions. McCann then moved this Court for discretionary review, and we granted her motion. On appeal, McCann argues that the Court of Appeals erred by reading KRS 337.385 to prohibit class actions. We agree. Therefore, we reverse the judgment of the Court of Appeals and remand this case to Jefferson Circuit Court for proceedings consistent with this opinion.

# I. BACKGROUND

The Sullivan University System, Inc., hired Mary McCann as an admissions officer in March 2006 at its Fort Knox Campus. In May 2007, Sullivan transferred McCann to its Spencerian College campus in Louisville. In April 2008, Sullivan terminated McCann's employment.

Following her termination, McCann filed an action in Jefferson Circuit Court. Sullivan removed McCann's action to federal court after the United States Department of Labor filed a complaint against Sullivan under the federal Fair Labor Standards Act. Sullivan disputed the Department of Labor's allegations, but as part of that settlement, agreed to treat its admissions officers as non-exempt employees, to pay overtime wages, and to pay back wages to certain admissions officers. By agreed order, the federal district court dismissed McCann's federal Fair Labor Standards Act claims against Sullivan and remanded the remaining state law claims to Jefferson Circuit Court.

When McCann moved to certify a class, the Jefferson Circuit Court denied the motion on purely legal grounds. In its order denying class certification, the trial court relied upon dicta in an unpublished Court of Appeals' opinion, *Toyota Motor Mfg., Kentucky, Inc. v. Kelley*, 2012-CA-001508-ME, 2013 WL 6046079, at *9 (Ky. App. Nov. 15, 2013). The Court of Appeals in *Kelley* did not reach the merits of whether a class action is available for claims brought under KRS 337.385. Yet, the panel opined that if it were to reach that question, it would conclude that a class action is not available for claims

2

brought under KRS 337.385. McCann appealed the trial court's judgment to the Court of Appeals.

In the instant case—unlike in *Kelley*—the Court of Appeals did reach the question whether a class action is available for claims brought under KRS 337.385. The Court of Appeals ultimately held that KRS 337.385 does not authorize class actions. The court reasoned this provision constitutes a special statutory proceeding that displaces our Rules of Civil Procedure. The court also noted that the statutory provision does not explicitly authorize class actions. We must determine whether the Court of Appeals erred in its reading of this provision. Determining the correct reading of a statute is a question of law that we review de novo without affording deference to lower courts. *Board of Educ. of Fayette County v. Hurley-Richards*, 396 S.W.3d 879, 885 (Ky. 2013).

## II. ANALYSIS

### A. The Rules of Civil Procedure and Special Statutory Proceedings

Section 116 of the Constitution of this Commonwealth empowers this Court "to prescribe . . . rules of practice and procedure for the Court of Justice." Pursuant to that constitutional grant of authority, CR 1 defines the scope of the rules' application, stating: "[t]hese Rules govern procedure and practice in *all actions* of a civil nature in the Court of Justice except for special statutory proceedings . . . ." (Emphasis added.) Therefore, based upon this constitutional grant of authority to prescribe the rules of practice and procedure, this Court retains the ultimate authority to determine the procedures used within the courts of this Commonwealth. However, in CR 1,

3

we specifically state that the Rules of Civil Procedure govern all actions of a civil nature *except* special statutory proceedings.[1] Absent this caveat for special statutory proceedings, the Rules of Civil Procedure govern all civil actions within the Court of Justice. Now we must determine what constitutes a special statutory proceeding that displaces the Rules of Civil Procedure.

"A 'special statutory proceeding' is one that is 'complete within itself having each procedural detail prescribed.'" *C.C. v. Cabinet for Health and Family Services*, 330 S.W.3d 83, 87 (Ky. 2011) (quoting *Swift & Co. v. Campbell*, 360 S.W.2d 213, 214 (Ky.1962). In *C.C.*, we determined that dependency, neglect, and abuse (DNA) actions and the implementing procedures within the Uniform Juvenile Code constitute a special statutory proceeding that displaces any conflicting Rule of Civil Procedure. We reasoned that the Uniform Juvenile Code found in KRS Chapters 600 to 645 is complete within itself and describes in detail the comprehensive procedures accompanying those causes of action. For instance, the entirety of KRS Chapter 610 is entitled "Procedural Matters." That chapter includes fifty-one separate sections detailing matters including preliminary intake procedures (KRS 610.030), hearing procedures (KRS 610.070), procedures for appeals of disposition orders (KRS 610.130), evidentiary procedures (KRS 610.300), fees (KRS 610.350), and procedures relating to fees and court costs (KRS 610.360). The Uniform Juvenile Code is but one example of a special statutory proceeding that we have recognized.

---

[1] This Court extends comity to the General Assembly by allowing deviation from our Rules of Procedure within the context of special statutory proceedings.

4

Our predecessor Court recognized "that an election contest is a special statutory proceeding . . . ."[2] *Brock v. Saylor*, 189 S.W.2d 688, 689 (Ky. 1945). Likewise, we recently acknowledged that KRS 383.200-285 constitutes a special statutory proceeding relating to forcible entry and detainer in landlord-tenant law. *Shinkle v. Turner*, 2015-SC-000039-DG, 2016 WL 4487203, at *2 (Ky. Aug. 25, 2016). Furthermore, the most easily recognizable special statutory proceeding is one in which the adjudication begins within an agency or a commission, but provides for an appeal to the Court of Justice. For instance, we acknowledged that, "[a]n appeal from an adverse decision of the [Unemployment Insurance] Commission is a special statutory proceeding." *Western Kentucky Coca-Cola Bottling Co., Inc. v. Runyon*, 410 S.W.3d 113, 116 (Ky. 2013).

In sum, this Court determines the existence of a special statutory proceeding by evaluating whether the statute in question provides for a comprehensive, wholly self-contained process that prescribes each procedural detail of the cause of action. *Shinkle*, 2016 WL 4487203, at *2 (statute had "an exclusive procedure, complete unto itself"); *Runyon*, 410 S.W.3d at 116 (the statute provided for a wholly self-contained administrative process); *C.C.*, 330 S.W.3d at 87 (the statute "laid out in detail" the comprehensive procedures and

---

[2] This case occurred before the adoption of the modern Rules of Civil Procedure and before "special statutory proceeding" became a term of art. However, based upon a review of the current statutory scheme surrounding election contests, the result continues to hold true. KRS Chapter 120 contains procedures for contesting a primary election (KRS 120.055), a general election (KRS 120.165), as well as procedures for contesting an election on a public question (KRS 120.250) or constitutional amendment (KRS 120.280).

constituted a special statutory proceeding because the process was "complete within itself"); *Swift*, 360 S.W.2d at 214 (statutory cause of action was "complete within itself" and prescribed "each procedural detail"); *Brock*, 189 S.W.2d at 689 (the multi-step, detailed procedural requirements created a "special statutory proceeding").

Now, we must determine whether KRS 337.385 meets this standard.

## B. Whether KRS 337.385 Constitutes a Special Statutory Proceeding

The statute at issue, KRS 337.385(2), states:

> If, in any action commenced to recover such unpaid wages or liquidated damages, the employer shows to the satisfaction of the court that the act or omission giving rise to such action was in good faith and that he or she had reasonable grounds for believing that his or her act or omission was not a violation of KRS 337.020 to 337.285, the court may, in its sound discretion, award no liquidated damages, or award any amount thereof not to exceed the amount specified in this section. Any agreement between such employee and the employer to work for less than the applicable wage rate shall be no defense to such action. Such action may be maintained in any court of competent jurisdiction by any one (1) or more employees for and in behalf of himself, herself, or themselves.

Both parties focus our attention on the last sentence of KRS 337.385(2). McCann argues that after the adoption of Kentucky's modern CR 23 in 1969, the General Assembly had no need to include language specifically allowing class actions when it adopted KRS 337.385 in 1974. Sullivan counters and argues that even absent a special statutory proceeding, CR 23 does not apply because KRS 337.385 omits language specifically authorizing class actions. Thus, the crux of both parties' argument turns not upon the words actually used in the statute, but upon what words the General Assembly did not use.

6

While statutory history[3] may be informative at times, it cannot be the starting gate for determining the proper reading of a statute. Rather, when determining the proper reading of a statute, "[i]t must be clear at the outset that . . . the text of the statute is supreme. Upon review, the words of the text are of paramount concern, and what they convey, in their context, is what the text means." *Owen v. University of Kentucky*, 486 S.W.3d 266, 270 (Ky. 2016) (internal citations and quotation marks omitted).

We agree that the actual words used in the statute do not expressly permit the use of a class action, nor do those words explicitly prohibit its use. Even when reading the entirety of KRS 337.385, this statute fails to create the comprehensive, wholly self-contained procedural process necessary to constitute a recognized special statutory proceeding. Therefore, we hold that the cause of action created by KRS 337.385 does not constitute a special statutory proceeding that operates outside of the Rules of Civil Procedure.

Furthermore, courts widely understand that "[t]he class action is an exception to the usual rule that litigation is conducted by and on behalf of the individual named parties only." *Comcast Corp. v. Behrend*, 133 S. Ct. 1426 (2013) (citing *Califano v. Yamasaki*, 442 U.S. 682, 700-701 (1979) (internal quotation marks omitted)); Accord *Worledge v. Riverstone Residential Group*,

---

[3] Statutory history differs from legislative history in that it looks to the history of the development of the actual words used in a statute over time as opposed to extraneous committee reports or testimony. See *Commonwealth ex rel. Beshear v. Commonwealth Office of the Governor ex rel. Bevin*, 2016 CA-000738-MR, 2016 WL 5248011, at *14, fn. 9 (Ky. Sept. 22, 2016).

*LLC*, 379 Mont. 265, 274 (Mt. 2015), *Iliadis v. Wal-Mart Stores, Inc.*, 922 A.2d 710, 718 (NJ. 2007), *Cullen v. State Farm Mut. Auto. Ins. Co.*, 999 N.E.2d 614, 620 (Oh. 2013), *Young v. Nationwide Mut. Ins. Co.*, 693 F.3d 532, 537 (6th Cir. 2012). And CR 23 simply defines the parameters for determining when use of this exception to the rule is appropriate. Therefore, a statute need not contain specific language authorizing the use of a class action precisely because our Rules of Civil Procedure perform that function. In fact, the Civil Rules do exactly what Sullivan argues the statute does not: they authorize class actions. In the absence of a special statutory proceeding, the statute need not prospectively authorize application of the Rules of Civil Procedure.

Going further, McCann asks this Court to adopt a rule similar to the one the United States Supreme Court announced in *Califano v. Yamasaki*, 442 U.S. 682 (1979). In *Califano*, the Court stated that the Federal Rules of Civil Procedure apply to all civil actions brought in federal court absent a direct expression by Congress to the contrary. 442 U.S. 682, 700 (1979). By default, the *Califano* rule applies Federal Rule of Civil Procedure 23 absent explicit statutory language prohibiting class actions.

We have no need to adopt the *Califano* rule because CR 1 already requires application of the Rules of Civil Procedure "in all actions of a civil nature in the Court of Justice except for special statutory proceedings . . . ." The Rules of Civil Procedure currently apply to all civil actions within the Commonwealth unless the General Assembly creates a cause of action and a corresponding special statutory proceeding that sufficiently prescribes the

8

procedural details to displace the Rules of Civil Procedure. If the General Assembly desires to prohibit class actions for a particular statutory cause of action, it may do so through the operation of CR 1 by creating a special statutory proceeding that provides for a comprehensive, wholly self-contained process that prescribes each procedural detail of that cause of action.

The General Assembly did not create a special statutory proceeding for actions brought under KRS 337.385. Therefore, we hold, as a matter of law, that CR 23 remains an available procedural mechanism applicable to McCann's cause of action brought under KRS 337.385. Because the trial court denied the motion to certify a class as a matter of law, we need not determine whether McCann's class meets the requirements set forth by this Court in CR 23. The trial court must make that determination upon remand.

### III. CONCLUSION

For the foregoing reasons, we reverse the judgment of the Court of Appeals and remand this case to Jefferson Circuit Court for proceedings consistent with this opinion.

All sitting. Minton, C.J., Cunningham, Keller, and Venters, JJ. concur. Hughes and VanMeter, JJ., concur in result only.

COUNSEL FOR APPELLANT:

Theodore W. Walton
Garry Richard Adams, Jr.


COUNSEL FOR APPELLEES,THE SULLIVAN UNIVERSITY SYSTEM, INC.,
D/B/A/ SULLIVAN UNIVERSITY COLLEGE OF PHARMACY, SULLIVAN
COLLEGE OF TECHNOLOGY AND DESIGN, SULLIVAN UNIVERSITY GLOBAL
E-LEARNING, DALE CARNEGIA KENTUCKIANA, INTERNATIONAL CENTER
FOR DISPUTE RESOLUTION LEADERSHIP, SULLIVAN UNIVERSITY,
LOUISVILLE TECHNICAL INSTITUTE, THE NATIONAL CENTER FOR
HOSPITALITY STUDIES, INSTITUTE FOR PARALEGAL STUDIES, SPENCERIAN
COLLEGE AND INTERIOR DESIGN INSTITUTE:

Grover C. Potts, Jr.
Michelle Deann Wyrick
Rania Marie Basha
Emily Christine Lamb


COUNSEL FOR APPELLEES, THE KENTUCKY CHAMBER OF COMMERCE
("CHAMBER"), AND THE KENTUCKY SOCIETY FOR HUMAN RESOURCES
MANAGEMENT ("KYSHRM"):

Jeffrey Alan Savarise
John Choate Roach
Timothy James Weatherholt


COUNSEL FOR APPELLEE, JEFFERSON COUNTY TEACHERS ASSOCIATION
(JCTA):

Thomas J. Schulz

COUNSEL FOR APPELLEE, KENTUCKY EQUAL JUSTICE CENTER ("KEJC")
AND JOBS WITH JUSTICE:

John Christopher Sanders
McKenzie Cantrell

COUNSEL FOR APPELLEES, KENTUCKY JUSTICE ASSOCIATION, KENTUCKY CHAPTER OF AMERICAN FEDERATION OF LABOR AND CONGRESS ODF INDUSTRIAL ORGANIZATIONS, KENTUCKY STATE BUILDING AND CONSTRUCTION TRADE COUNCIL, RIVER CITY FRATERNAL ORDER OF POLICE LODGE 614, INC., TEAMSTERS LOCAL 783, INTERNATIONAL UNION, UNITED AUTOMOBILE, AEROSPACE AND AGRICULTURAL IMPLEMENT WORKERS OF AMERICA, AND UNITED STEEL, PAPER AND FORESTRY, RUBBER, MANUFACTURING, ENERGY, ALLIED INDUSTRIAL AND ALLIED INDUSTRIAL AND SERVICE WORKERS INTERNATIONAL UNION:

Kevin Crosby Burke
Irwin H.Cutler, Jr.
David Lindsay Leightty
Jamie Kristin Neal


COUNSEL FOR APPELLEE, UPS CERTIFIED CLASS

Andrew J. Horne
Michael Douglas Grabhorn