RENDERED: APRIL 1, 2022; 10:00 A.M.
TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-0052-MR

MARIO SANCHEZ                                                                                   APPELLANT

v.                  APPEAL FROM JEFFERSON CIRCUIT COURT
                    HONORABLE ANN BAILEY SMITH, JUDGE
                    ACTION NO. 19-CI-004269

RODNEY MCMILLIN, M.D.;
COMMUNITY MEDICAL
ASSOCIATES, INC., D/B/A NORTON
IMMEDIATE CARE CENTERS −
HIGHLANDS; AND NATALIE
KELSEY, M.D.                                                                                    APPELLEES

OPINION
VACATING AND REMANDING

** ** ** ** **

BEFORE: JONES, LAMBERT, AND K. THOMPSON, JUDGES.

JONES, JUDGE: Appellant Mario Sanchez appeals the order of the Jefferson

Circuit Court dismissing with prejudice his medical malpractice claim against

Natalie Kelsey, M.D., Rodney McMillin, M.D., and Community Medical

Associates, Inc., d/b/a Norton Immediate Care Centers – Highlands ("Norton"), for

failure to file a certificate of merit with his complaint as required by KRS[1] 411.167. Although Sanchez requested the circuit court to provide him with an additional ten days to comply with the statute, the circuit court dismissed Sanchez's complaint with prejudice believing automatic dismissal was mandated by the statute. For the reasons set forth below, we hold that the circuit court retained discretion under our Civil Rules, specifically CR[2] 6.02(b), to allow Sanchez an additional period of time to comply with KRS 411.167. Accordingly, we vacate the circuit court's order of dismissal and remand this matter to the circuit court to consider Sanchez's request for an extension of time to comply with KRS 411.167 in light of CR 6.02(b) and its requirement that the failure to act within the required timeframe be "the result of excusable neglect[.]"

## I. BACKGROUND

On July 15, 2019, Sanchez filed a civil complaint against Dr. Natalie Kelsey, Dr. Rodney McMillin, and Norton. Sanchez's complaint is brief. He alleges that Dr. McMillin deviated from the generally accepted standard of care when he treated Sanchez on or about July 18, 2018, and that Dr. Kelsey, who is employed by Norton, likewise deviated from the generally accepted standard of

---

[1] Kentucky Revised Statutes.

[2] Kentucky Rules of Civil Procedure.

-2-

care when she treated Sanchez on or about July 21, 2018.  Summonses were issued by the Clerk of Court, and each named defendant was served by certified mail.

On July 31, 2019, Dr. McMillin filed his answer to the complaint and served discovery requests on Sanchez.  Dr. McMillin's answer did not assert a defense based on Sanchez's failure to comply with KRS 411.167.  On the same day, Dr. Kelsey and Norton filed a joint answer as well as their own discovery requests.  The joint answer likewise failed to raise a defense pursuant to KRS 411.167.  Next, on August 26, 2019, Dr. Kelsey and Norton filed a notice that they had served responses to Sanchez's document requests that day.  Two days later, on August 28, 2019, Dr. McMillin filed (1) an amended answer adding as a "fifteenth defense" that "Plaintiff's Complaint fails to comply with the requirements of KRS 411.167 and should therefore be dismissed" and (2) a separate motion to dismiss. In his motion, Dr. McMillin quoted the text of KRS 411.167, and argued that the circuit court was required to dismiss the complaint based on Sanchez's failure to comply with the statute.  Dr. Kelsey and Norton followed suit by filing their own joint amended answer and joining in Dr. McMillin's motion to dismiss.

On September 3, 2019, Sanchez responded to the dismissal motion, arguing that KRS 411.167  "is inapplicable to the case at bar" because "[t]he statute is silent as to whether such certificate of merit is required by a claimant who is represented by counsel and who's [sic] counsel signs the Complaint."  (Record

(R.) at 51.) According to Sanchez, because the Kentucky Rules of Civil Procedure already required claimants' attorneys to sign their pleadings, "that signature is the certification that satisfies the requirements contained in KRS 411.167." (R. at 52.) Sanchez additionally asserted that, regardless of whether KRS 411.167 applied to his claim, he had substantially complied with its requirements because the defendants' requests for admissions elicited the same information mandated by the statute. In the alternative, Sanchez requested an extension of ten (10) days to provide a certificate of merit should the circuit court disagree with his interpretation of KRS 411.167.

On November 27, 2019, the circuit court dismissed Sanchez's complaint with prejudice based on his noncompliance with KRS 411.167. It explained:

> KRS 411.167(1) is straightforward and requires a "claimant" to "file a certificate of merit *with the complaint* in the court in which the action is commenced." (emphasis added). As outlined in subsection (2)(a) though [sic] (c), the certificate of merit must state one of three things by "affidavit or declaration." It is undisputed that [Sanchez] did not file the required affidavit or declaration, either with the original application or by requested amendment. Instead, [Sanchez], though [sic] counsel, argues in response to the motion that "[t]he statute is silent as to whether such certificate of merit is required by a claimant who is represented by counsel and who's [sic] counsel signed the Complaint." [Sanchez] goes on to conclude that the certificate of merit prerequisite is fulfilled since his attorney is bound by CR 11. [Sanchez] cites no authority

-4-

to support this novel proposition, and the Court finds that the legislature would have explicitly excluded represented plaintiffs from the statute's requirements had that been its intention. Moreover, the Court agrees with the defendants that by its very terms the statute applies to plaintiffs who have retained counsel because KRS 411.167(2)(a) expressly refers to "the claimant or his or her counsel."

Alternatively, [Sanchez] argues that [his] response to requests for admissions complies with KRS 411.167. The Court rejects this argument because the statute requires the declaration to be "filed with the complaint." Finally, should the Court disagree with [Sanchez's] arguments, he asks the Court to grant him a ten-day extension of time to provide that declaration. Seeing nothing in KRS 411.167 that allows for such an extension, and [Sanchez] providing the Court with no other rule or statute to support it, the Court denies the request.

(R. at 76.) This appeal followed.

## II. STANDARD OF REVIEW

"A motion to dismiss for failure to state a claim upon which relief may be granted 'admits as true the material facts of the complaint.'" *Fox v. Grayson*, 317 S.W.3d 1, 7 (Ky. 2010) (quoting *Upchurch v. Clinton Cty.*, 330 S.W.2d 428, 429-30 (Ky. 1959)). As such, a court should not grant a motion to dismiss "unless it appears the pleading party would not be entitled to relief under any set of facts which could be proved[.]" *Pari-Mutuel Clerks' Union of Kentucky, Local 541, SEIU, AFL-CIO v. Kentucky Jockey Club*, 551 S.W.2d 801, 803 (Ky. 1977). "Since a motion to dismiss for failure to state a claim upon which relief

-5-

may be granted is a pure question of law, a reviewing court owes no deference to a trial court's determination; instead, an appellate court reviews the issue de novo." *Fox*, 317 S.W.3d at 7.

### III. ANALYSIS

Sanchez makes several arguments for the first time on appeal, including an attack on the constitutionality of KRS 411.167. "It is axiomatic that a party may not raise an issue for the first time on appeal." *Sunrise Children's Servs., Inc. v. Kentucky Unemployment Ins. Comm'n*, 515 S.W.3d 186, 192 (Ky. App. 2016). Accordingly, we will only consider the arguments that Sanchez preserved by raising them before the circuit court: (1) whether KRS 411.167 only applies to *pro se* litigants; (2) whether Sanchez's discovery responses complied with KRS 411.167(7); and (3) whether dismissal was automatically required where Sanchez failed to file a certificate of merit at the same time he filed his complaint.

KRS 411.167, which became effective June 27, 2019, provides in relevant part that:

> (1) A claimant commencing any action identified in KRS 413.140(1)(e), or against a long-term-care facility as defined in KRS 216.510 alleging that the long-term-care facility failed to provide proper care to one (1) or more residents of the facility, shall file a certificate of merit with the complaint in the court in which the action is commenced.
>
> (2) "Certificate of merit" means an affidavit or declaration that:

(a) The claimant has reviewed the facts of the case and has consulted with at least one (1) expert qualified pursuant to the Kentucky Rules of Civil Procedure and the Kentucky Rules of Evidence who is qualified to give expert testimony as to the standard of care or negligence and who the claimant or his or her counsel reasonably believes is knowledgeable in the relevant issues involved in the particular action, and has concluded on the basis of review and consultation that there is reasonable basis to commence the action;

(b) The claimant was unable to obtain the consultation required by paragraph (a) of this subsection because a limitation of time established by KRS Chapter 413 would bar the action and that the consultation could not reasonably be obtained before that time expired. An affidavit or declaration executed pursuant to this paragraph shall be supplemented by an affidavit or declaration pursuant to paragraph (a) of this subsection or paragraph (c) of this subsection within sixty (60) days after service of the complaint or the suit shall be dismissed unless the court grants an extension for good cause; or

(c) The claimant was unable to obtain the consultation required by paragraph (a) of this subsection because the claimant or his or her counsel had made at least three (3) separate good-faith attempts with three (3) different experts to obtain a consultation and that none of those contacted would agree to a consultation; so long as none of those contacted gave an opinion that there was no reasonable basis to commence the action.

. . . .

> (7) The claimant, in lieu of serving a certificate of merit, may provide the defendant or defendants with expert information in the form required by the Kentucky Rules of Civil Procedure. Nothing in this section requires the disclosure of any "consulting" or nontrial expert, except as expressly stated in this section.

KRS 411.167.[3]

Sanchez first argues that dismissal of his complaint for failure to comply with KRS 411.167 was in error because the statute applies only to *pro se* litigants, not to litigants, like him, who file complaints with the assistance of counsel. Sanchez bases this argument on the fact that subsection (1) of the statute refers to "claimant[s]" rather than "claimants' counsel." The term "claimant" is not defined in the statute. However, one need look no further than the next subsection of the statute to determine that the General Assembly intended the term "claimants" as used in the first subsection to include both individuals represented by counsel and *pro s*e litigants. Subsection (2) of KRS 411.167 defines a "[c]ertificate of merit" as an affidavit or declaration asserting that "[t]he claimant has reviewed the facts of the case and has consulted with at least one (1) expert

---

[3] KRS 411.167(4) provides for an additional exception for the certificate of merit requirement in cases "where the claimant intends to rely solely on one (1) or more causes of action for which expert testimony is not required, including claims of res ipsa loquitur and lack of informed consent, in which case the complaint shall be accompanied by an affidavit or declaration that no cause of action is asserted for which expert testimony is required." KRS 411.167(4). Sanchez has not claimed this exception, making further analysis irrelevant to the case at hand.

-8-

qualified . . . to give expert testimony as to the standard of care or negligence and who the claimant *or his or her counsel* reasonably believes is knowledgeable in the relevant issues involved in the particular action, and has concluded on the basis of review and consultation that there is reasonable basis to commence the action[.]" KRS 411.167(2)(a) (emphasis added).

"It is a 'fundamental canon of statutory construction that the words of a statute must be read in their context and with a view to their place in the overall statutory scheme.'" *Food and Drug Admin. v. Brown & Williamson Tobacco Corp.*, 529 U.S. 120, 133, 120 S. Ct. 1291, 1301, 146 L. Ed. 2d 121 (2000) (quoting *Davis v. Michigan Dep't of Treasury*, 489 U.S. 803, 809, 109 S. Ct. 1500, 1504, 103 L. Ed. 2d 891 (1989)). If KRS 411.167's certificate of merit requirement was intended to only apply to *pro se* claimants, the General Assembly would not have referred to claimants' counsel in subsection (2)(a) when it defined a certificate of merit. Therefore, we hold that KRS 411.167 applies to all persons "commencing any action identified in KRS 413.140(1)(e)," irrespective of whether such persons are proceeding with or without the assistance of counsel.

Sanchez's claims fall squarely within the parameters of KRS 411.167 insomuch as he alleges "an action against a physician, surgeon, dentist, or hospital licensed pursuant to KRS Chapter 216, for negligence or malpractice[.]" KRS 413.140(1)(e). Moreover, his complaint was filed in July 2019, subsequent to KRS

411.167's effective date of June 27, 2019. It is likewise undisputed that Sanchez did not file a certificate of merit with his complaint. Nevertheless, Sanchez argues that he complied with the statute by answering various discovery requests propounded by Appellees, and these discovery requests sought the identical information required by the statute. In support of this argument, Sanchez cites the last subsection of KRS 411.167, which states that "[t]he claimant, in lieu of serving a certificate of merit, may provide the defendant or defendants with expert information in the form required by the Kentucky Rules of Civil Procedure." KRS 411.167(7).

It is unclear to us how the General Assembly intended this subsection to work in practice since our discovery rules do not presently provide for any type of pre-suit discovery that would satisfy the certificate of merit requirement. What is clear to us, however, is that the purpose behind KRS 411.167 is to require claimants to consult with an expert and affirm the validity of the claim prior to filing the action. By so requiring, the General Assembly sought to relieve doctors and hospitals from having to defend against wholly frivolous negligence or malpractice claims. This purpose would be frustrated if claimants were allowed to wait until defendants sought the information required to be contained in the certificate of merit from claimants through discovery after a lawsuit had already been commenced.

Our interpretation is supported by the language employed by the General Assembly in KRS 411.167(7). The statute uses the phrase "in lieu of" when referring to claimants providing the information in accordance with the Rules of Civil Procedure. This means the expert information must be provided to the defendants "in place of" the certificate of merit. *In lieu of*, BLACK'S LAW DICTIONARY (11th ed. 2019). Since KRS 411.167(1) requires the certificate of merit to be filed with the complaint, interpreting subsection (7) to allow claimants to provide the information a month or more after the commencement of an action and only after the defendants propounded discovery requests would be at odds with the plain language of the statute stating that the discovery must be provided "in lieu of" the certificate of merit.

In sum, we decline to interpret KRS 411.167(7) in a way that would place the burden on defendants to seek the certificate of merit information from claimants through discovery. Therefore, we cannot agree with Sanchez that his responses to Appellees' discovery requests satisfied KRS 411.167(7).

Lastly, we turn to the issue of the remedy for Sanchez's failure to comply with KRS 411.167(1) by filing a certificate of merit with his complaint. The circuit court believed that mandatory dismissal was required because KRS 411.167 does not provide a mechanism to extend the deadline. We disagree. The Kentucky Supreme Court has made clear that with the exception of statutory

proceedings, "the Rules of Civil Procedure govern all civil actions within the Court of Justice." *McCann v. Sullivan University System, Inc.*, 528 S.W.3d 331, 333 (Ky. 2017). Thus, KRS 411.167 must be interpreted in conjunction with our Civil Rules.[4]

Sanchez commenced his action against Appellees when he filed his complaint with the Jefferson Circuit Court and summonses were issued. CR 3.01 ("A civil action is commenced by the filing of a complaint with the court and the issuance of a summons or warning order thereon in good faith."). The certificate of merit is not technically a part of the complaint. Rather, it is a stand-alone document that the statute requires to be filed "with the complaint" meaning the claimant must file the certificate of merit at the same time as the complaint. The question then becomes whether the circuit court retained the discretion to grant Sanchez an extension of time to comply with the time limit imposed by KRS 411.167.

CR 6.02 governs the enlargement of time. It provides:

> When by *statute* or by these Rules or by a notice given thereunder or by order of court *an act is required* or allowed *to be done at or within a specified time*, the court

---

[4] While the requirement for a certificate of merit is contained in a statute, this is clearly not a "statutory proceeding." Sanchez's complaint sounds in negligence for an injury done to his person, a cause of action originating out of the common law. It is not a creature of statute. Additionally, a statutory proceeding is one that is "complete within itself having each procedural detail prescribed" such as dependency, neglect, and abuse actions, election contests, and unemployment claims. *McCann*, 528 S.W.3d at 334 (citation omitted). The certificate of merit statute contains only the requirements for the filing of that document.

-12-

> *for cause shown may, at any time in its discretion*, (a)
> with or without motion or notice order the period
> enlarged if request therefor is made before the expiration
> of the period originally prescribed or as extended by a
> previous order or (b) *upon motion made after the
> expiration of the specified period permit the act to be
> done where the failure to act was the result of excusable
> neglect*; but it may not extend the time for taking any
> action under Rules 50.02, 52.02, 59.02, 59.04, 59.05,
> 60.02, 72.02, 73.02 and 74 except to the extent and under
> the conditions stated in them.

*Id.* (emphasis added).

KRS 411.167 is a statute that requires an act to be done at a certain time; it requires the filing of a certificate of merit at the time a complaint is filed. Moreover, the statute does not prohibit the granting of extensions. As such, we must conclude that the circuit court retained its inherent discretion under CR 6.02(b) to grant Sanchez an extension to file his certificate of merit to the extent his failure "was the result of excusable neglect[.]" CR 6.02(b).

The circuit court erred when it concluded that mandatory dismissal was required. This does not mean, however, that Sanchez was automatically entitled to the requested ten-day extension. Rather, the circuit court had the discretion to grant the extension so long as it was satisfied that Sanchez's "failure to act was the result of excusable neglect[.]" CR 6.02(b). Because the circuit court concluded it lacked the discretion to grant an extension, it did not consider whether Sanchez had shown his failure was due to excusable neglect pursuant to CR

6.02(b). Accordingly, we must vacate the circuit court's dismissal and remand this matter to the circuit court for a determination of whether Sanchez is entitled to an extension of time pursuant to CR 6.02(b).

## IV. CONCLUSION

In light of the foregoing, we vacate the circuit court's judgment of dismissal and remand this matter to the circuit court for additional proceedings consistent with this Opinion, including a determination of whether Sanchez is entitled to an extension of time to file his certificate of merit pursuant to CR 6.02(b).


ALL CONCUR.

BRIEFS FOR APPELLANT:

Jeffrey T. Sampson
Louisville, Kentucky

BRIEF FOR APPELLEES NATALIE KELSEY, M.D. AND COMMUNITY MEDICAL ASSOCIATES, INC., D/B/A NORTON IMMEDIATE CARE CENTERS − HIGHLANDS:

Karen L. Keith
Amy L. Cooper
Louisville, Kentucky

BRIEF FOR APPELLEE RODNEY MCMILLIN, M.D.:

Stephen S. Burhcett
Michael G. Erena
Lexington, Kentucky