RENDERED:  MAY 27, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-0844-MR

HUGH KEITH MCWHORTER AND
CAROL MCWHORTER                                                         APPELLANTS


v.                    APPEAL FROM FAYETTE CIRCUIT COURT
                      HONORABLE ERNESTO SCORSONE, JUDGE
                      ACTION NO. 21-CI-00532


BAPTIST HEALTHCARE SYSTEM,
INC. D/B/A BAPTIST HEALTH
LEXINGTON                                                                  APPELLEE


OPINION
AFFIRMING

** ** ** ** **

BEFORE:  DIXON, JONES, AND K. THOMPSON, JUDGES.

DIXON, JUDGE:  Hugh Keith McWhorter ("Keith") and Carol McWhorter

(collectively, "the McWhorters") appeal from the June 24, 2021, order of the

Fayette Circuit Court dismissing their complaint.  Following a careful review of

the record, briefs, and law, we affirm.

## BACKGROUND FACTS AND PROCEDURAL HISTORY

Keith was admitted for surgery at Baptist Health Lexington ("Baptist Health"). A few days into his recovery, Keith's health declined, and it was almost six weeks before he was discharged from the hospital.

Nearly a year later, the McWhorters sued Baptist Health for medical negligence and loss of consortium. However, their complaint was not accompanied by a certificate of merit or another acceptable alternative as required by KRS[1] 411.167.

Baptist Health moved the trial court to dismiss the McWhorters' complaint for failure to comply with KRS 411.167. After the matter was fully briefed,[2] the McWhorters filed a certificate of merit, and a hearing was held. The trial court found the McWhorters' complaint did not comply with KRS 411.167 and dismissed it with prejudice. This appeal followed.

## STANDARD OF REVIEW

Construction and application of statutes is a matter of law. *KL & JL Invs., Inc. v. Lynch*, 472 S.W.3d 540 (Ky. App. 2015). We review questions of law

---

[1] Kentucky Revised Statutes.

[2] Along with their response to Baptist Health's motion to dismiss, the McWhorters moved the trial court to extend the time in which they could file their certificate of merit.

*de novo* with no deference to the trial court's application of the law. *Cinelli v. Ward*, 997 S.W.2d 474 (Ky. App. 1998).

## ANALYSIS

On appeal, the McWhorters first contend that they complied with KRS 411.167(7) which, in pertinent part, provides a "claimant, in lieu of serving a certificate of merit, may provide the defendant or defendants with expert information in the form required by the Kentucky Rules of Civil Procedure." The McWhorters argue this section does not stipulate a timeframe for compliance. Yet, their argument ignores KRS 411.167(1), which mandates a claimant "shall file a certificate of merit **with the complaint** in the court in which the action is commenced." (Emphasis added.)

This argument was examined in *Dumphord v. Gabriel*, No. CV 5:20-461-DCR, 2021 WL 3572658 (E.D. Ky. Aug. 12, 2021), which noted:

> In his view, the lack of a specific time frame in that subsection means that the legislature intended to allow plaintiffs to provide the information any time after the filing of the complaint. . . . But "[s]tatutes should be construed in such a way that they do not become ineffectual or meaningless," and "[a]ny apparent conflict between sections of the same statute should be harmonized if possible so as to give effect to both sections." *Lewis v. Jackson Energy Coop. Corp.*, 189 S.W.3d 87, 91 (Ky. 2005) (citations omitted).
>
> Dumphord's reading of the statute would render the certificate of merit requirement both ineffectual and meaningless. A proper reading of the statute, as a whole,

> indicates that before filing a complaint, plaintiffs have the choice to either file a certificate of merit *or* provide the defendants with expert information "in lieu of serving a certificate of merit." [KRS] 411.167(7). If plaintiffs could take advantage of subsection 411.167(7)'s exception at any time, the central requirement of the statute – that a certificate of merit be filed at the same time as the complaint – could be ignored in every case. Dumphord has provided utterly no support for his argument that the Kentucky General Assembly intended that result.

*Id.* at *5 (footnote omitted). The McWhorters' argument herein must fail for the same reasons discussed in *Dumphord*.

Next, the McWhorters assert that Baptist Health's motion to dismiss their complaint for failure to comply with KRS 411.167 should have been denied because the issue was not specifically raised in the answer. However, this contention is unsupported by procedural requirements or the record. Neither the Kentucky Rules of Civil Procedure nor KRS 411.167 provide that a defendant must specifically alert the trial court to a plaintiff's failure to comply with KRS 411.167 in its answer or waive such noncompliance as a defense. Consequently, the McWhorters' argument must fail.

## CONCLUSION

Therefore, and for the foregoing reasons, the order entered by the Fayette Circuit Court is AFFIRMED.

THOMPSON, K., JUDGE, CONCURS IN MAJORITY OPINION AND JOINS IN THE SEPARATE CONCURRENCE.

JONES, JUDGE, CONCURS IN RESULT AND FILES SEPARATE OPINION.

JONES, JUDGE, CONCURRING:  I write separately to clarify that I believe a trial court retains its inherent authority under our Civil Rules of Procedure to grant an extension of time to file a certificate of merit pursuant to KRS 411.167, if requested by the plaintiff pursuant to CR 6.02.

The Kentucky Supreme Court has made clear that with the exception of statutory proceedings, "the Rules of Civil Procedure govern all civil actions within the Court of Justice." *McCann v. Sullivan University System, Inc.*, 528 S.W.3d 331, 333 (Ky. 2017).[3]  Thus, KRS 411.167 must be interpreted in conjunction with our Civil Rules.

CR 6.02, which governs enlargement of time provides:

When by statute or by these Rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may, at any time in its discretion, (a) with or without motion or notice order the period enlarged if request therefor is made before the expiration of the period originally prescribed or as extended by a

---

[3]  While the requirement for a certificate of merit is contained in a statute, this is clearly not a "statutory proceeding."  The McWhorters' complaint sounds in negligence for injuries done to their persons, a cause of action originating out of the common law.  It is not a creature of statute.  Additionally, a statutory proceeding is one that is "complete within itself having each procedural detail prescribed" such as dependency, neglect, and abuse actions, election contests, and unemployment claims.  *McCann*, 528 S.W.3d at 334 (citation omitted).  The certificate of merit statute contains only the requirements for the filing of that document.

previous order or (b) upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect; but it may not extend the time for taking any action under Rules 50.02, 52.02, 59.02, 59.04, 59.05, 60.02, 72.02, 73.02 and 74 except to the extent and under the conditions stated in them.

KRS 411.167 is a statute that requires an act to be done at a certain time; it requires the filing of a certificate of merit at the time a complaint is filed. Moreover, the statute does not prohibit the granting of extensions. As such, I believe the trial court retained its inherent discretion under CR 6.02(b) to grant extension to file the certificate of merit.

Here, Appellants requested an extension of time, which the trial court denied. The record is silent as to what was considered by the trial court in denying the requested extension, and Appellants have not argued that the trial court's denial of their motion for an extension of time was an abuse of discretion. Since the Appellants have not shown the trial court's denial of their motion for an extension of time was an abuse of discretion, I join in the majority's decision to affirm the trial court.

| BRIEF FOR APPELLANTS: | BRIEF FOR APPELLEE: |
|---|---|
| David M. Cross | Jeffrey T. Barnett |
| Donald L. Wilkerson, III | Kimberly G. DeSimone |
| Albany, Kentucky | Lexington, Kentucky |